[No. 15804. In Bank.—September 13, 1897.]

CITY OF OAKLAND, Respondent, v. OAKLAND WATER FRONT COMPANY, Appellant.

ACTION TO QUIET TITLE—CLAIM OF CITY TO WATERFRONT—CHANGE OF PLACE OF TRIAL—DISQUALIFICATION OF JUDGES—INTEREST IN DIMINUTION OF TAXES.—In an action brought by the city of Oakland to quiet title to the city waterfront, and to determine an adverse claim thereto by a corporation defendant, the interest of superior judges who reside in the city, in the diminution of taxes, as the result of revenue to be derived from the waterfront, in case of the success of the city, is not sufficiently direct and immediate to constitute a disqualification, or to entitle the defendant to a change of the place of trial on that ground.

ID.—CONSTRUCTION OF CODE—MEANING OF "INTERESTED."—The word "interested," as used in section 170 of the Code of Civil Procedure, embraces only a direct, proximate, substantial, and certain interest in the result of the action, and does not embrace a remote, indirect,

118  249
121   37
d121 111
d121 113
121  373

118  249
126  308
126  309

118  249
129  104

118  249
133  532

contingent, uncertain, and shadowy interest, such as that of a taxpayer in the result of an action to establish the title of a city to its waterfront.

APPEAL from an order of the Superior Court of Alameda County, refusing to change the place of trial of an action. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

A. A. Moore, W. F. Herrin, J. C. Martin, and H. S. Brown, for Appellant.

The superior judges being taxpayers in the city of Oakland were disqualified. (*Hesketh v. Braddock,* 3 Burr. 1843; *London v. Wood,* 12 Mod. 669; *Queen v. Inhabitants etc.,* 6 Mod. 307; *Clark v. Lamb,* 2 Allen, 396; *Wood v. Stoddard,* 2 Johns. 194; *Pearce v. Atwood,* 13 Mass. 324; *Commonwealth v. McLane,* 4 Gray, 427; *Petition of Nashua,* 12 N. H. 425; *Waters v. Day,* 10 Vt. 487; *Peck v. Freeholders,* 21 N. J. L. 656; *Boston v. Baldwin,* 139 Mass. 315; *Diveny v. Elmira,* 51 N. Y. 506; *Mayor etc. of Columbia v. Goetchius,* 7 Ga. 139; *Johnson v. Mayor etc.,* 46 Ga. 80; *Fulweiler v. St. Louis,* 61 Mo. 479; *Eberle v. St. Louis Public Schools,* 11 Mo. 261; *Fine v. St. Louis Public Schools,* 30 Mo. 166; *Taylor v. Williams,* 26 Tex. 585; *Nalle v. Austin,* 85 Tex. 520; *North Bloomfield etc. Co. v. Keyser,* 58 Cal. 315, 322.)

James A. Johnson, City Attorney, William R. Davis, W. Lair Hill, E. J. Pringle, and H. A. Powell, for Respondent.

The interest of a judge as taxpayer in the acquisition of property by a city is too remote, small, and contingent to constitute a disqualification. (*Foreman v. Marianna,* 43 Ark. 324; *People v. Edmonds,* 15 Barb. 531; *Mitchell v. Holderness,* 29 N. H. 523; *Bloodgood v. Overseers of Poor etc.,* 12 Johns. 285; *Webster v. Washington County,* 26 Minn. 220; *Ellis v. Smith,* 42 Ala. 349; *Commissioners v. Lytle,* 3 Ohio, 289.)

McFARLAND, J.—This is an appeal by the defendant, a corporation, from an order of the superior court of Alameda county denying a motion of defendant for a change of the place of trial of this action from said county to some other county.

The respondent is a municipal corporation. In the complaint it is averred that the respondent is the owner in fee of certain

lands described as lying in front of said city of Oakland "below the line of ordinary high tide of the bay of San Francisco"; that appellant "claims some interest and estate in and to said lands" adverse to respondent; and that "this action is brought to determine such adverse claim." The appellant in its answer denies the title of respondent and sets up title in itself.

The motion was based upon the facts, shown by affidavit and admitted to be true, that there are four judges of the superior court of Alameda county; that one of them was "an inhabitant and a resident and elector of the city of Oakland," and was "the owner of property, real and personal, assessed," and subject to assessment and taxation by the city for all municipal purposes; that each of the others was an owner "of property" in the city assessed, etc., for municipal purposes; and that all except one were residents and electors of the city. The ground of the motion was that all of said judges were disqualified because they were owners of property subject to taxation by the city of Oakland and therefore "interested" in the result of the action, within the meaning of section 170 of the Code of Civil Procedure, which provides, among other things, that no justice or judge shall sit or act in any action or proceeding "to which he is a party or in which he is interested." The court below held that said judges were "not all of them interested in the said action," and "not all of them disqualified," and for that reason denied the motion. The theory of the appellant is, that if the respondent should recover the land sued for it might be so used as to produce some municipal revenue and thus affect to some extent the rate of taxation, as a consequence of which the taxes which the said judges would have to pay on their property might to some imaginable extent be lessened—and that thus they are interested and disqualified. If any one of the judges was not thus disqualified, of course, the court did not err in refusing to change the venue to another county, for the qualified judge could try the action; and as it appears that three of them merely owned "property" of which the character and value does not appear, it follows, upon the theory aforesaid, that if one of them owned some personal property of the value of only ten dollars, or one dollar, he would be disqualified, although his interest in reducing taxation would be so infinitesimal as to be almost impossible of

mathematical expression. If this consideration is not determinative of the present case in favor of the affirmance of the order, it at least shows upon what a slender thread the contention of the appellant hangs.

Appellant has certainly cited authorities from England and from sister states which give countenance to its contention, while respondent has cited some of an opposite character; but as no case determinative of the question involved in favor of appellant has been cited from the decisions of this court, we are at liberty to consider the question upon principle, and in view of the fact that, if the contention of appellant be sound, innumerable judgments heretofore rendered in this state by judges in the same position as that asserted here of the judges of Alameda county would have to be held void, and extreme embarrassment and confusion would follow.

In our opinion the word "interested," as used in the section of the code relied on, embraces only an interest that is direct, proximate, substantial, and certain, and does not embrace such a remote, indirect, contingent, uncertain, and shadowy interest as that asserted as a disqualification in the case at bar. The whole theory of the administration of justice in our courts contemplates that judges are persons specially educated to habits of impartiality and fairness, and it is a necessary quality of judicial proceedings that a judge shall, in his official conduct, be presumed to be above all improper considerations and motives. Nevertheless, in contemplation of the truth that in extreme cases human frailty might not be overcome by trained habits and acquired faculties, it is declared by the law that "no man shall be a judge in his own cause." But surely that means a cause which is really his own cause; not that he must be a formal party to the record, but that it must be such a cause that a judgment rendered therein would necessarily and directly and substantially affect his personal rights. We cannot conceive that the legislature meant to declare that a mere contingent possibility that some future supposable financial condition of a municipality might, in a slight degree, affect a judge as a taxpayer would strip him of all his personal judicial qualities.

The case of *North Bloomfield etc. Co. v. Keyser*, 58 Cal. 315, shows the kind of interest that does disqualify. There the mu-

nicipality of the city of Marysville had brought an action to restrain certain parties from washing mining debris into the Yuba river and its tributaries, upon the ground that it would compel the city to construct additional levees and other safeguards at great expense; and also that it was injuring, and would, if continued, practically destroy certain lands and buildings owned by the city. The respondent, Keyser, was judge of the superior court of Yuba county and owned lands on said river opposite said city; and the defendants in the action sought by a writ of prohibition to prevent him from trying the case. The court, in elaborate opinions, states the facts in detail and shows that the very judgment which would protect the lands of the city from the flow of slickens would also directly and immediately protect the land of the judge from the same evil, and that therefore he was interested and disqualified. Ross, J., who delivered the main opinion, said: "If the relief prayed for is awarded, the same judgment that stops the flow of tailings or debris on the land of the city of Marysville stops its flow onto the lands of the respondent. The very judgment that will protect Marysville will protect him. His interest, therefore, is not merely in the question of law involved in the controversy, nor is it uncertain or remote; but it is a direct and immediate interest in the result of the action." In the concurring opinion of Sharpstein, J., it is said: "The grievance of which the plaintiff complains is one of which the respondent might complain upon the same grounds. If the plaintiff can maintain the action now pending in the superior court of which the respondent is judge, he might maintain an action based upon the same grievance. He might have united with the plaintiff in bringing this action." From the stress thus put upon the peculiar relation of the judge to the subject matter of the action in that case, it is apparent that the court would have considered such interest as is alleged in the case at bar, not as "direct and immediate" but as "uncertain or remote."

Again, it has been the uniform custom in this state for judges to sit in cases when municipalities in which they were residents and taxpayers were parties; and as a judgment rendered by a disqualified judge is void, and the proceeding *coram non judice*, to maintain the contention of appellant would be to upset innumerable judgments which have stood for many years, and un-

der which many rights have accrued. A rule involving such consequences will not be declared unless it be required by the inexorable mandate of the law.

Moreover, necessity demands the affirmance of the order. If in the case at bar the judges mentioned are disqualified, no judge in the state would be qualified. It is averred here that the lands in controversy are of great value, and that there are improvements on them of the value of "many hundreds of thousands of dollars." All this immense property is, in the hands of the appellant, taxable for state purposes, but if the respondent should prevail in the action it would become municipal property and not taxable by the state. And the judge of the superior court in any county of the state who has property of the value of a watch, a bookcase, or a bed, is, under appellant's theory, interested in any case the result of which might increase state taxation, and therefore disqualified; for, under the theory, the extent of his interest is immaterial. And so, in the case at bar, the appellant is seeking to take the case away from a judge whose alleged interests are with one party, to a judge whose interests are with the other party.

The order appealed from is affirmed.

Henshaw, J., Harrison, J., Garoutte, J., Van Fleet, J., and Temple, J., concurred.

Beatty, C. J., concurred in the judgment.

Rehearing denied.