THE STATE OF FLORIDA *ex rel.* S. H. HART, RELATOR, vs. R. M. CALL, JUDGE OF THE FOURTH JUDICIAL CIRCUIT OF FLORIDA, RESPONDENT.

1. The interest that will disqualify a judge under section 967, Revised Statutes, must be pecuniary, direct and immediate in the issue in question, and not remote, uncertain or speculative.
2. Where, in a suit to enjoin the county commissioners of a county from levying a special three-mill tax voted on the property of the tax-payers of a sub-school district, alleged to exist under

Chapter 4336, laws of 1895, the judge before whom the suit is brought is a tax-payer on real property, subject to such tax situated in the district, he is disqualified by reason of interest as defined by the statute.

3. Section 968, Revised Statutes, declaring that no judge shall be disqualified from sitting in the trial of any cause in which a county or municipal corporation is a party, by reason of his being a resident or tax-payer within such county or municipal corporation, embraces only cases clearly within its letter and spirit, and does not apply to a case where a tax-payer files a bill to enjoin the county commissioners from levying a special tax on a sub-school district, as neither a municipal corporation nor a county as a municipal or county entity, is a party in interest in the suit.

Mandamus.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*W. B. Young*, for Relator.

*Fleming & Fleming*, for Respondent.

Per Curia, MABRY, J.:

The Honorable R. M. Call, Judge of the Fourth Judicial Circuit, adjudged himself disqualified to preside in and try a certain cause pending in the Duval Circuit Court, and this is an original proceeding by mandamus to compel him to vacate the order of disqualification and to proceed with the hearing and determination of the case.

It is made to appear that an election was held in the city of Jacksonville on the 20th of June, 1899, to deter-

mine whether the city should be a school sub-district, for the election of three trustees therefor, and to determine the millage to be assessed and collected on the property of the district; that three named persons claim to have been elected such trustees at said election, and have prepared an itemized estimate showing the amount of money required for necessary school purposes of said district, and have filed the same with the clerk of the Board of County Commissioners of Duval county, with a written request that said board levy and have collected on the taxable property situated in said city, a special school tax of three mills for the year 1899.

S. H. Hart, a registered voter and tax-payer of the city of Jacksonville, filed a bill against the County Commissioners of Duval county alleging that said election was void for reasons stated, and seeking to restrain the levy of the special three mill tax on the property of any tax-payers of the city, and it was in this suit that the judge held himself to be disqualified on account of interest, he being the owner of real property situated in the city of Jacksonville subject to taxation.

Section 967, Revised Statutes, provides that "no judge of any court shall sit or preside in any cause to which he is a party or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties; nor shall he entertain any motion in the cause other than to have the same tried by a qualified tribunal." Section 970 provides that "any and all judgments, decrees and orders, except an order for the trial of the cause as hereinbefore provided, made by a judge so disqualified, shall be of no force or validity, and shall be null and void." These provisions were enacted in December, 1862.

It was said in Trustees Int. Imp. Fund v. Bailey, 10 Fla. 213, text 229, S. C. 81 Am. Dec. 194, that this legislation was nothing more than a declaration of the common law, except, it may be, that part declaring judgments, decrees and orders made by an incompetent judge to be absolutely void. It was also decided that the disqualification must be a valid one in law, and that before a judge was disqualified on account of interest he must be immediately interested in the very issue in question and his interest must not be remote, uncertain or speculative. It was not claimed in the Bailey case that the judges were disqualified by reason of being interested as tax-payers, and the conclusion reached by the court on the ground of disqualification alleged is not directly pertinent to the point involved in the instant suit, and hence need not be affirmed or disapproved. It is important, however, to the present inquiry to note that the statute of 1862 (now Section 967, Revised Statutes,) was construed to require an immediate interest on the part of the judge in the issue in question in order to disqualify, and that a remote, uncertain or speculative interest would not suffice for the purpose. The disqualifying interest must be a pecuniary or property interest in the action or its result. Sauls v. Freeman, 24 Fla. 209, 4 South. Rep. 525. Other courts have entertained the view that, under constitutional or statutory provisions declaring the disqualification of the judge when interested in a cause, the disqualifying interest must be pecuniary, immediate and certain. City of Austin v. Nalle, 85 Texas, 520; City of Dallas v. Peacock, 89 Texas, 58, 33 S. W. Rep. 220; City of Oakland v. Oakland Water Front Co., 118 Cal. 249, 50 Pac. Rep. 268; Meyer v. City of San Diego, 121 Cal. 102, 53 Pac. Rep. 434. The distinction drawn in these cases goes to the

extent that when a suit is instituted against a county or municipal corporation to establish a liability, such as a suit to obtain a judgment for damages or a liability against the corporation, the judge, though a tax-payer of the county or municipality, is not disqualified to sit in the trial of the cause, as his interest is not direct or certain. But when the suit is instituted to restrain the collection of a tax fixed and ascertained, and resting upon the taxable property of a county or municipal corporation then the judge who owns taxable property in the county or corporation would be disqualified as having a direct interest in the result of the litigation before him.

The supposed establishment of the school sub-district in the city of Jacksonville appears to have been under the act of 1895, Chapter 4336, as the election is alleged to have taken place on the 20th of June, 1899, before the act of this year, 1899, Chapter 4678, went into effect. To what extent this latter act will affect the district if properly organized is not a matter of concern now. Under the act of 1895, *supra*, it seems that the millage to be assessed and collected on the property of the district, and to be submitted for that purpose by the district trustees to the County Commissioners, must receive the approval vote of a majority of the qualified voters of the district having real or personal property therein subject to taxation. The commissioners have no discretion as to the amount of the tax levy, and are required to assess and have collected the millage submitted in the estimate of the trustees and approved by vote of the qualified voters.

It is evident that Judge Call was directly interested in the result of the suit instituted before him by Hart, as a successful termination of it in the latter's favor will

directly relieve the judge's property situated in the district of its proportion of the three-mill tax sought to be enjoined. The suit was to declare the election establishing the school sub-district illegal, and to restrain the assessment and collection of any portion of the three-mill tax on any portion of the property of the district. The judge's property interest in the district was common with that of complainant Hart, and all other tax-payers therein. If no other legislation existed in this State than the sections of the Revised Statutes referred to, no doubt could arise as to the disqualification of the judge in the present case.

Some eight years after the passage of the act of 1862 the legislature enacted what is now found in Section 968, Revised Statutes, as follows: "No judge shall be disqualified from sitting in the trial of any suit in which any county or municipal corporation is a party, by reason that such judge is a resident or tax-payer within such county or municipal corporation." Was it the purpose of this provision to qualify a judge to sit in a case in which a county or municipal corporation is a party when he is directly interested in the result by reason of being a resident or tax-payer of the county or corporation? Lord Coke said the principle that a party could not be judge in his own case was so fundamental that Parliament could not lawfully invest him with authority so to do. Cooley's Constitutional Lim. (6th ed.), page 506. Judge Cooley says (ibid. page 508): "It has been held that where the interest was that of corporator in a municipal corporation, the legislature might provide that it should constitute no disqualification where the corporation was a party. But the ground of this ruling appears to be that the interest is so remote, trifling and insignificant that it may fairly be supposed to be incapa-

ble of affecting the judgment or of influencing the conduct of an individual." It was held in State v. Crane, Collector of Cranford Township, 36 N. J. L. 394, that disqualifications by reason of interest that are common to all tax-payers may be removed by the legislature, but that body had no power to authorize a party to decide his own cause where his interest was direct and peculiar.

There are other authorities bearing upon the power of the legislature to remove disabilities of judges by reason of interest, but a reference to them need not be made, as it is not deemed necessary to determine now whether the legislature intended by Section 968, Revised Statutes, to make a judge qualified in the cases therein mentioned when he was directly interested in the result of the suit, and if so, whether it was competent for the legislature to so provide.

In the opinion of the court the suit of Hart against the County Commissioners for the purposes therein disclosed is not one in which a county or municipal corporation is a party within the meaning of Section 968, and as Judge Call is clearly disqualified by reason of interest, independent of that section, any further construction of it becomes unnecessary. This section, declaring what are not disqualifications, should not be so construed as to embrace cases not clearly within its letter and spirit, especially so if its purpose was to make a judge sit in the trial of a case in which he is directly interested, though as a tax-payer in common with others. The county of Duval as a county entity is not a party to the suit instituted by Hart, nor is the county in the capacity mentioned a party in interest. The school sub-district is made a corporate being by the statute, but it does not stand for or represent the county.

The County Commissioners may be said to represent the school district in the levy and collection of the district tax, but the county as a corporate entity has no interest in the school district tax, which is something separate and additional to the general school tax for the benefit of the entire county. It can not be said that the county of Duval is a party to the suit. Neither is the municipal corporation of the city of Jacksonville a party to the suit, or a party in interest. True it is that the territory embraced within the limits of the city of Jacksonville is sought to be organized into the school sub-district, but this does not clothe it with the municipal functions of the municipality of Jacksonville. The municipal corporation of the city of Jacksonville is a political entity entirely different from the school sub-district corporation, nor can the latter of itself be regarded as a municipal corporation within the meaning of Section 968 of the Revised Statutes. It is declared by statute to be a corporation, but it is *quasi* and limited in character, and, though public, can not be classed as a municipal corporation such as was intended by the statute. State *ex rel.* v. Leffingwell, 54 Mo. 458; Schultes v. Elberly, 82 Ala. 242, 2 South. Rep. 345; People *ex rel.* v. Common Council of Detroit, 28 Mich. 228, S. C. 15 Am. Rep. 202; 1 Dillin's Municipal Corporations (4th ed.) §§19 and 22.

No question was raised as to the remedy in this case, and, without reference to it, the opinion of the court is that the Circuit Judge properly held himself to be disqualified to sit in the cause; and it is, therefore, ordered that the peremptory writ of mandamus be denied.