[L. A. No. 831. In Bank. — August 3, 1901.]

## CITY OF LOS ANGELES, Respondent, v. A. E. POMEROY and J. D. HOOKER, Appellants.

EMINENT DOMAIN — ACTION BY CITY — DISQUALIFICATION OF JUDGE — OWNERSHIP OF TAXABLE PROPERTY. — The ownership of taxable property in a city, by the judge before whom an action is brought by the city to condemn land therein, and a possible future change in the rate of taxation in the city as the result of the condemnation, is too remote and indistinct to disqualify the judge from trying the case.

ID. — ALLEGED VALUE OF LANDS — EXCESS OVER VERDICT — POSSIBLE ISSUANCE OF MUNICIPAL BONDS. — The qualification of the judge to try the case is not affected by the defendants' alleged great value of the land which was sought to be condemned by the city, in excess of the value found by jury, and the possible necessary issuance of municipal bonds, if the alleged value had been established.

ID. — ACTION BY TAXPAYER DISTINGUISHED. — In an action by a taxpayer, directly involving the validity of a tax or burden of taxation, which affects the land of the judge, his interest is direct, immediate, and precise; but it is otherwise in an action by the city to condemn land.

ID. — POWER OF JUDGE TO SUE OR DEFEND. — A judge who is a taxpayer has such a direct interest in a cause of action by a taxpayer to determine the validity of a tax or burden of taxation, that he might himself bring such action, or intervene in the action as a taxpayer. But, having no direct interest as a taxpayer in a cause of action by a city to condemn land, he can neither bring nor defend such action. [Per Beatty, C. J., concurring.]

CXXXIII. Cal. — 34

ID. — FINAL JUDGMENT OF CONDEMNATION — DEPOSIT OF MONEY — ORDER
OF COURT FOR PAYMENT. — The final judgment of condemnation is
not erroneous, where the money value determined by the jury was
deposited with the clerk within proper time, and, upon refusal of
the plaintiff to receive it, was deposited by the clerk with the treas-
urer, to be held subject to the order of the court, pursuant to section
2104 of the Code of Civil Procedure, and by the terms of the final
judgment was ordered to be paid forthwith by the treasurer to the
defendants.

APPEAL from a judgment of the Superior Court of Los An-
geles County.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

R. H. F. Variel, John G. North, and J. S. Chapman, for Ap-
pellants.

Walter F. Haas, City Attorney, and Lee & Scott, for Respond-
ent.

McFARLAND, J.—This is an appeal by defendants from a
final judgment of condemnation.

The action was commenced in June, 1893, and, after a full
hearing of the merits of the case, and a verdict of a jury estab-
lishing the compensation to be paid defendants, and findings
of the court, an interlocutory judgment was rendered and en-
tered on June 2, 1898, which determined all the issues in the
case, and provided for a final decree of condemnation, upon the
deposit, by plaintiff, in court, of the amount of the verdict, —
twenty-five thousand dollars, — and certain costs and dis-
bursements, within thirty days after the entry of the inter-
locutory judgment.   The said amount of money was so depos-
ited in court by plaintiff within the thirty days.   The defend-
ants appealed to this court from the interlocutory judgment
and from an order denying a motion for a new trial, and the
judgment and order were here affirmed on June 3, 1899.   (See
*Los Angeles* v. *Pomeroy*, 124 Cal. 597.)

Upon the going down of the *remittitur*, the plaintiff gave
notice of the motion for the entry of a final judgment of con-
demnation.   Defendants presented a written objection and
opposition to the motion, in which reference was made to two
affidavits which they had filed with the clerk, — one made by
J. D. Hooker and the other by R. H. F. Variel.   In the affi-
davit of Hooker, the only facts stated were, that the judge of

the superior court before whom the case had been tried was at the time of the trial, and still is, the owner of certain real property of the value of more than five thousand dollars, within the city of Los Angeles, plaintiff in the case, and was a water-rate payer within said city; and it was declared in the affidavit, that, for the reason of the existence of these facts, the said judge was disqualified to sit in that case, and that the interlocutory judgment was void, and no further proceeding should be had in the cause. In the affidavit of said Variel these facts were stated, viz.: that on April 29, 1896 (which was within thirty days after the date of the interlocutory judgment), plaintiff deposited with the clerk the amount of money above stated; that the court made a minute order reciting such deposit; that afterwards, on August 27, 1896, the clerk deposited said money with the county treasurer, and that the money was deposited " subject, as such treasurer has stated to affiant, and as affiant is informed and believes, to the order of the superior court, and not subject to the order of said defendants." The only other facts stated in this affidavit are the dates of the notices of appeal from the interlocutory judgment and from the order denying a new trial. No other evidence was offered by defendants at the hearing of the motion for final judgment of condemnation.

It appears from the bill of exceptions, that, at the hearing, counsel for defendants started to read the said affidavit of Hooker, when the court refused to hear the reading of the same or the said affidavit of Variel. We do not see that the case occupies any different position from that which it would have occupied if counsel had been allowed to read the affidavits which were on file. The question is, whether or not the affidavits show any valid objection to the entry of the final judgment; and the judgment, if right, will not be reversed on account of any question as to mere irregularity of proceeding which does not change the merits of the controversy.

The appeal presents the question whether or not the judge was disqualified to try the case on account of interest; and the only fact upon which the disqualification is asserted is undisputed,—viz., that he owned some real property within the city limits. This fact did not disqualify him. The mere contingency of a possible future increase or decrease of taxation within a municipality is too remote and indistinct to disqualify a judge from trying a case to which the municipality

is a party, upon the sole ground that he owns taxable property within its limits; and this is the sole ground of the alleged disqualification in the case at bar. The legal aspect of the question is not changed by the suggestions of counsel, that the value of the property sought to be condemned was alleged by defendants to be over a million and a half dollars (found by the jury to be only twenty-five thousand dollars), and that if the alleged value had been established, then municipal bonds to provide for the amount would have been necessary, unless the city should abandon the proceedings, etc. The suggestions are, themselves, only of remote contingencies. The case at bar is within the rule declared in *Oakland* v. *Oakland Water Front Co.*, 118 Cal. 249, and *Higgins* v. *San Diego*, 126 Cal. 303; and not within *Meyer* v. *San Diego*, 121 Cal. 102,[1] where the interest of the judge was direct, immediate, and precise, it being a case, as stated in the opinion therein rendered, " where the judge, in a case directly involving the validity of a tax imposed and to be imposed on his land, does by his *ipse dixit* declare whether the burden shall remain or be removed."

Appellants contend here—although it is not clear that they so contended in the court below—that the final judgment of condemnation was erroneous because the money was not deposited in court in accordance with the provision of the code on the subject. It is not disputed that the money was actually deposited with the clerk within the proper time, but it is contended that the deposit was not kept good, because, some months afterwards, the appellants having refused to take it, the clerk deposited it with the county treasurer. This seems to have been done under section 2104 of the Code of Civil Procedure, which provides that " whenever moneys are paid into or deposited in court, the same shall be delivered to the clerk in person, or to such of his deputies as shall be specially authorized by his appointment, in writing, to receive the same. He must, unless otherwise directed by law, deposit it with the county treasurer, to be held by him subject to the order of the court." This seems to be a general provision applicable in all cases, and it is not inconsistent with section 1254 of the Code of Civil Procedure, which provides that where, in a condemnation suit, the plaintiff may be authorized to take possession of

[1] 66 Am. St. Rep. 22.

the premises involved before trial, upon the payment into court of a sum of money to be fixed by the judge, the court "may" order *that* money to be deposited in the state treasury. In the case at bar, the court, in the final judgment, ordered that the county treasurer forthwith pay the money to the defendants, and "that this be his warrant therefor." There is no pretense that the money was not in the county treasury, or that appellants could not have immediately taken it. It is apparent that appellants would not have received the money under any circumstances, and these being the facts, we do not think that the judgment should be reversed on the technical point that the money — quite a large sum — was not actually carried from the treasurer's room to the court-room.

The judgment appealed from is affirmed.

Garoutte, J., Van Dyke, J., Harrison, J., Henshaw, J., and Temple, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment, and only desire to add a brief statement of the ground upon which I distinguish the case of *Meyer* v. *San Diego*, 121 Cal. 102,[1] from this and all similar cases. *Meyer* v. *San Diego* was an action which could be maintained by any taxpayer, and it was only in that capacity that the plaintiff sued. The judge was also a taxpayer. He could have instituted the action himself, or made himself a party by intervention; and to hold that he could try the case would have been to hold that one who has interest enough in a cause of action to maintain it as plaintiff has not enough interest in it to disqualify him from deciding it as judge, — a proposition to which I should think any court would hesitate to subscribe.

In this case, and in the cases cited by appellants, although the judge was a taxpayer of the corporation (plaintiff or defendant), he could not, as such, have brought the action or defended it, and his interest being too remote and contingent for that purpose, it may be held, without any impeachment of *Meyer* v. *San Diego*, 121 Cal. 102,[1] that it was too remote and contingent to disqualify him as judge.

Rehearing denied.

---

[1] 66 Am. St. Rep. 22.