MACKEY *et al.* v. CRUMP, *District Judge.*

No. 7895.   Opinion Filed December 21, 1915.

(153 Pac. 1128.)

JUDGES—Disqualification—"Interest" in Litigation—Taxpayer. In a suit by a resident taxpayer of a county against the county commissioners and others assailing for fraud the validity of a special election, held pursuant to a resolution of the board for the purpose of submitting to the qualified voters of a county a proposition of whether the board shall be authorized to issue negotiable coupon bonds in the sum of $100,000, the proceeds to be used to purchase a site and build thereon a courthouse and jail for said county, and to levy and collect a tax upon all taxable property

therein sufficient to pay the interest and principal of said bonds
when due, **held**, that the interest of a district judge, a resident
taxpayer of the county, is such an interest, within the con-
templation of Revised Laws 1910, sec. 5812, as will disqualify him
to try the cause.

(Syllabus by the Court.)

*Original Application for Writ of Mandamus.*

Original application for writ of mandamus by T. W.
Mackey and others against George C. Crump as District
Judge of the Ninth Judicial District of the State of Okla-
homa. Writ granted, but suspended pending a reason-
able time to be given the judge to certify his disquali-
fication.

*Horton & Smith, John W. Wilmott, and Caleb Choate,*
for petitioners.

*J. L. Skinner, F. L. Warren, W. P. Langston, W. T.*
*Anglin,* and *Hunter Johnson,* for respondent.

TURNER, J. This is an original application for a
writ of mandamus. The record discloses that on October
12, 1915, the board of county commissioners of Hughes
county passed a resolution ordering a special election held
in said county on November 17, 1915, for the purpose of
submitting to the qualified voters of that county the
proposition of whether the board should be authorized to
issue negotiable coupon bonds of the county in the sum of
$100,000, to bear interest at the rate of 5 per cent. per
annum and to run for 25 years, to provide funds for pur-
chasing a site and building thereon a courthouse and jail
for said county, and to levy and collect a tax upon all the
taxable property in the county, in addition to all other
taxes, sufficient to pay the interest and principal on said
bonds when due; that pursuant thereto the board called
said election, which was held on November 17, 1915, after
which the board canvassed the returns and entered upon

its records, on November 22, 1915, a recital that said bonds had been carried, and on November 27, 1915, passed a resolution for the issuance of said bonds, prescribing the form thereof, and providing for the levying and collecting of an annual tax, in addition to all other taxes upon all the taxable property in said county, sufficient to pay the interest on said bonds and provide a sinking fund to pay the same when due; the bonds to bear date of December 1, 1915, and to become due December 1, 1940. On December 7, 1915, came T. M. Mackey and some 140 other resident taxpaying voters of the county and brought suit in the district court of said county against the county commissioners, the county treasurer, the county attorney, and the county election board of said county (naming them), the object of which was to set aside said election for fraud and illegality and to enjoin the issue and sale of said bonds. After issue joined came plaintiffs, and moved therein that Hon. George C. Crump, the regular district judge, who proposed to sit in judgment in said cause, certify his disqualification to try the same, on the ground that he was a resident of that county and the owner of real and personal property therein which would be subject to the special tax, if levied, for the payment of said bonds. And when he overruled said motion and refused to disqualify, this suit was brought by the relators herein, plaintiffs in that suit, the object of which is to require him so to do. Whether the writ should run turns upon the question of whether the judge, he being a resident of the county and the owner of property therein, which would be subject to the special tax involved, is thereby disqualified to try the cause on account of interest within the spirit of Rev. Laws 1910, sec. 5812, which reads:

"No judge of any court of record shall sit in any cause or proceeding in which he may be interested, or in the result of which he may be interested.  *  *  * "

This is section 2012 of the Compiled Laws of 1909, construing which, in *Lawton Rapid Transit Ry. Co. v. City of Lawton et al.*, 31 Okla. 458, 122 Pac. 212, in the syllabus, we said:

"In a proceeding to condemn land, pursuant to chapter 15, art. 10, and sections 1370 to 1374, inclusive, of chapter 20, art. 9, Comp. Laws 1909, the interest of a district judge as a resident taxpayer of the petitioning municipality is not such an 'interest' within the contemplation of section 2012 of said statutes as will disqualify him to act upon the petition and try the cause."

In so holding we followed *Los Angeles v. Pomeroy*, 133 Cal. 529, 65 Pac. 1049, which construed a California statute substantially the same as section 5812, *supra*. That case cited *Oakland v. Oakland Water Front Co.*, 118 Cal. 249, 50 Pac. 268, and *Meyer v. San Diego*, 121 Cal. 102, 53 Pac. 434, 41 L. R. A. 762, 66 Am. St. Rep. 22, which we said marked "the line of cleavage between those cases where the interest of the judge is direct and disqualifying and indirect and not so."

Turning to the San Diego Case, *supra*, we find it to be directly in point as holding the judge in question disqualified for interest. In that case plaintiff, a taxpayer of the city, brought suit against the city and a certain water company, the object of which was to set aside as illegal and void a certain contract between the city and the company, involving the expenditure of a large sum of the moneys of the city, to be obtained by the sale of its bonds, and to enjoin the issuance and sale of the bonds to carry out the contract. The bonds had been issued at a special election called pursuant to an ordinance of the city, sub-

mitting to the electors the proposition of issuing a bonded indebtedness, the same as here. Before the trial there was presented a motion for a change of venue upon the ground of the disqualification of the judge in whose department the action was pending. In stating the case, the court said:

"The affidavits used at the hearing show that the judge was the owner of real property situated and taxed in the city of San Diego for municipal purposes, and taxable for the payment of a bonded indebtedness, such as that the validity of which is a question in the case. It also was made to appear that the issuance of the bonds in controversy and the carrying out of the contract between the city and the defendant water company would necessitate a special tax for 40 years, and directly affect the value of all real property subject to it. Upon the other hand, a determination that the contract and proceedings were illegal would result in a decree enjoining the issuance of the bonds, and relieve all property within the municipality from the burden of the bond redemption tax. The trial judge concluded that he was not disqualified, refused to grant the motion, and retained the action. From this ruling and order the San Diego Water Company and certain interveners prosecuted their appeals.

"By section 170 of the Code of Civil Procedure it is provided that no justice, judge, or justice of the peace shall sit or act in any action or proceeding to which he is a party, or in which he is interested."

After reviewing the authorities at length in arriving at the conclusion that the judge was disqualified, the court said:

"The disqualification does not spring from the fact that the judge is a citizen, inhabitant, and taxpayer of the city of San Diego, nor yet from the fact that the municipality is a party litigant in the action. It arises from the circumstance that he owns property within the

city which may or may not be liable for the burden of a special tax for the period of 40 years, as he shall decide. The validity of this tax is directly called in question. The judge himself, under the circumstances shown, could have instituted as plaintiff this identical action. * * * The judgment which he renders in the case will be binding upon his rights and his property. His interest is in the outcome of the litigation, and it is a direct, measurable, pecuniary interest,"

—and ordered that the case be reversed.

In *State v. Call*, 41 Fla. 442, 26 South. 1014, 79 Am. St. Rep. 189, the judge of a certain circuit in the state had theretofore adjudged himself disqualified to preside in a certain case pending in a certain court on his circuit, and the instant case was an original proceeding in mandamus to require him to vacate the order of disqualification and proceed with the trial of the cause. In the application it appeared that on June 20, 1899, an election was held in the city of Jacksonville "to determine whether the city should be a school subdivision, for the election of trustees therefor, and to determine the millage to be assessed and collected on the property in the district."

It further appeared that three certain persons claimed to have been elected trustees at said election, and had prepared an itemized estimate showing the amount of money required for necessary school purposes in said district, and had duly filed it with the board of county commissioners, with a written request that the board levy and have collected on the taxable property in said city a special school tax of a certain number of mills for that year. It also appeared that a certain registered voter and taxpayer had brought a suit against the board, alleging that said election was void for certain reasons, and seeking to restrain the levy on the property of the tax-

payers of the city, and that it was in this suit the judge held himself disqualified, because he was the owner of certain real estate situated in said city subject to taxation. The pertinent part of the governing statute read:

" * * * No judge of any court shall sit or preside in any cause to which he is a party or in which he is interested."

After directing attention to a former decision of the court in which the statute was construed to require an immediate interest on the part of the judge on the issue in question in order to disqualify him, and holding that a remote, uncertain, or speculative interest was not suffi-cient so to do, the court said:

"The disqualifying interest must be a pecuniary or property interest in the action or its results. *Sauls v. Freeman*, 24 Fla. 209, 4 South. 525, 12 Am. St. Rep. 190. Other courts have entertained the view that, under constitutional and statutory provisions declaring the disqualification of the judge when interested in a cause, the disqualifying interest must be pecuniary, immediate, and certain. *Austin v. Nalle*, 85 Tex. 520, 22 S. W. 668 [960]; *Dallas v. Peacock*, 89 Tex. 58, 33 S. W. 220; *Oakland v. Oakland Water Front Co.*, 118 Cal. 249, 50 Pac. 268; *Meyer v. San Diego*, 121 Cal. 102, 53 Pac. 434 [41 L. R. A. 762] 66 Am. St. Rep. 22. The distinction drawn in these cases goes to the extent that when a suit is instituted against a county or municipal corporation to establish a liability, such as a suit to obtain a judgment for damages or liability against the corporation, the judge, though a taxpayer of the county or municipality, is not disqualified to sit in the trial of the cause, as his interest is not direct or certain. But when the suit is instituted to restrain the collection of a tax fixed and ascertained, and resting upon the taxable property of a county or municipal corporation, then the judge who owns taxable property in the county or corporation would be disqualified as hav-

ing a direct interest in the result of the litigation before him. * * *

"It is evident that Judge Call was directly interested in the result of the suit instituted before him by Hart, as a successful termination of it in the latter's favor will directly relieve the judge's property situated in the district of its proportion of the three-mill tax sought to be enjoined. The suit was to declare the election establishing the school subdivision illegal, and to restrain the assessment and collection of any portion of the three-mill tax on any portion of the property of the district. The judge's property interest in the district was common with that of complainant Hart and all other taxpayers therein."

—and, after holding that the judge had properly held himself disqualified to try the case, ordered that the peremptory writ of mandamus be denied.

And in *City of Grafton v. Holt*, 58 W. Va. 182, 52 S. E. 21, in the head-note, it is said:

"A judge who is a consumer of water from waterworks owned by a city is disqualified to hear and determine a suit in equity, brought by consumers of water in behalf of themselves and of all other persons in the same situation, to enjoin the city from increasing the water rates."

This case is also reported in 6 Ann. Cas. 403, with an exhaustive note thereto.

For the reason that we know the precise amount, in any one year, of the judge's pecuniary liability is so direct and certain as to be susceptible of mathematical demonstration in the event the election should be held valid and the tax sustained, and that such liability would be avoided in the event the election should be held illegal and set aside and the issuance of the bonds enjoined, as prayed, we are of opinion that he is so interested in the cause as

to be disqualified under the statute, and the writ should run. But the writ will not be ordered to run pending a reasonable time to be given the judge in question to certify his disqualification as provided by law.

All the Justices concur.