THE STATE OF FLORIDA, on the Relation of F. G. McMULLEN, L. L. CARLTON and D. E. AUSTIN, as Supervisors of North St. Lucie River Drainage District, *Plaintiff*, v. ELWYN THOMAS, as Judge of the Circuit Court for the Twenty-first Judicial Circuit of the State of Florida, in and for St. Lucie County, *Defendant*.

Division B.

Opinion filed March 17, 1930.

*G. P. Garrett,* for Relators;

*Dame & Rogers,* as *amici curiae.*

BUFORD, J.—Honorable Elwyn Thomas, as judge of the Twenty-first Judicial Circuit of the State of Florida, filed a certificate of disqualification in a certain cause pending in such court.

The suit was by a bill in chancery seeking to vacate and cancel a decree creating and establishing the North St. Lucie River Drainage District; to have the same declared a cloud upon the title of the complainants and other property owners and to have the same to be decreed null, void and of no effect.

The certificate of disqualification of Judge Thomas was as follows:

"I, Elwyn Thomas, judge of the circuit court of the 21st judicial circuit of the State of Florida, do hereby certify that I am disqualified to sit and and act as judge in the above entitled cause because of

the fact that I am a property owner in the North St. Lucie River Drainage District; that at a meeting of the property owners of said district held December 21st, 1929, the secretary of said district held and voted the proxy of the undersigned as such property owner, and did at said meeting vote as said proxy in favor of a resolution criticizing unfavorably this suit and deploring the institution of the same, so the undersigned is advised.

"By reason of the foregoing facts, I decline to take jurisdiction of said cause and hereby certify that I · am disqualified to act as judge therein.

"This 23rd day of December, A. D. 1929.

"(Signed) ELWYN THOMAS,

"Judge 21st Judicial Circuit,

"State of Florida."

The bill of complaint shows that taxes have been levied on all the lands in the district under a special assessment for district purposes and that the purpose of such taxation is to provide funds for the improvement of the district.

If the complainants prevail in this suit the district will be abolished and the judge who filed his certificate of disqualification will be relieved of the burden of taxation. If the improvements proposed in the district are beneficial to the lands in the district then by the prevailing of the complainants the property belonging to this judge within the district will be deprived of the benefit of such improvements and he will lose advantage of the enhancement in value which would flow from such benefits.

On petition being filed in this Court alternative writ of mandamus was issued to which Judge Thomas filed return. The return filed by the respondent shows that he has an interest in the result of the cause to the extent above

stated.   Section 2525, Rev. Gen. Stats 1920, Sec. 4152,. Comp. Gen. Laws 1927, provides as follows:

"No Judge of any court shall sit or preside in any cause to which he is a party or in which he, or any person related to him by consanguinity or affinity within the ninth degree is a party, or is interested in the result thereof; nor shall any Judge sit as a court in any cause in which he is related within the third degree of consanguinity or affinity to either of the attorneys or counsellors of either party to any cause; Provided, that such last mentioned disqualification be made to appear and that it may be waived by stipulation filed in the cause, and it shall be deemed to have been waived unless the objection on account of such disqualification shall have been filed in writing at or before the commencement of the trial or hearing.   If any clause, sentence, or other portion of this section be declared unconstitutional it shall in nowise affect the validity of the remaining part thereof."

In State ex rel. Hart v. Call, Judge, 41 Fla. 442, 26 So. R. 1014, the Court in construing the provisions of Sections 967 and 968, Revised Statutes, which later became Sections 2525 and 2526, Revised General Statutes and subsequently was embraced in Sections 4152 and 4153, Compiled General Laws, say:

"It is important, however, to the present inquiry to note that the statute of 1862 (now Section 967, Revised Statutes) was construed to require an immediate interest on the part of the Judge in the issue in question in order to disqualify, and that a remote, uncertain or speculative interest would not suffice for the purpose.   The disqualifying interest must be a pecu-

niary or property interest in the action or its result. Sauls v. Freeman, 24 Fla. 209, 4 So. R. 525. Other courts have entertained the view that, under constitutional or statutory provisions declaring the disqualification of the judge when interested in a cause, the disqualifying interest must be pecuniary, immediate and certain. City of Austin v. Nalle, 85 Texas 520; City of Dallas v. Peacock, 89 Texas 58, 33 S. W. R. 220; City of Oakland v. Oakland Water Front Co., 118 Cal. 249, 50 Pac. R. 268; Meyer v. City of San Diego, 121 Cal. 102, 53 Pac. R. 434. The distinction drawn in these cases goes to the extent that when a suit is instituted against a county or municipal corporation to establish a liability, such as a suit to obtain a judgment for damages or a liability against the corporation, the judge, though a taxpayer of the county or municipality, is not disqualified to sit in the trial of the cause, as his interest is not direct or certain. But when the suit is instituted to restrain the collection of a tax fixed and ascertained, and resting upon the taxable property of a county or municipal corporation then the judge who owns taxable property in the county or corporation would be disqualified as having a direct interest in the result of the litigation before him."

And further, in the same opinion, the court say:

"Some eight years after the passage of the act of 1862 the legislature enacted what is now found in Section 968, Revised Statutes, as follows: 'No judge shall be disqualified from sitting in the trial of any suit in which any county or municipal corporation is a party, by reason that such judge is a resident or tax-payer within such county or municipal corporation. Was it

the purpose of this provision to qualify a judge to sit in a case in which a county or municipal corporation is a party when he is directly interested in the result by reason of being a resident or tax-payer of the county or corporation? Lord Coke said the principle that a party could not be judge in his own case was so fundamental that Parliament could not lawfully invest him with authority so to do. Cooley's Constitutional Lim. (6th ed.), page 506. Judge Cooley says (ibid., page 508): 'It has been held that where the interest was that of a corporator in a municipal corporation, the legislature might provide that it should constitute no disqualification where the corporation was a party. But the ground of this ruling appears to be that the interest is so remote, trifling and insignificant that it may fairly be supposed to be incapable of affecting the judgment or of influencing the conduct of an individual.' It was held in State v. Crane, Collector of Cranford Township, 36 N. J. L. 394, that disqualifications by reason of interest that are common to all tax-payers may be removed by the legislature, but that body had no power to authorize a party to decide his own cause where his interest was direct and peculiar.''

This case differs essentially from McMillan v. State, 112 So. R. 462.

On authority of the opinion in State ex rel. Hart v. Call, *supra*, the peremptory writ of mandamus should be denied and it is so ordered.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.