ALTON M. AKE, *Petitioner,* v. GEORGE W. TEDDER, et al., *Respondents.*

149 So. 329.
Division A.
Opinion filed May 31, 1933.
Re-hearing denied July 20, 1933.

C. L. Chancey, for Petitioner;

McCune, Hiassen & Fleming, for Respondents.

TERRELL, J.—A rule *nisi* was issued in this cause directed to respondents, commanding them to show cause why they should not be prohibited from proceeding to prosecute a proceeding in mandamus pending in the Circuit Court of Broward County, entitled:

STATE OF FLORIDA ex rel. ALTON M. AKE, *Relator,* v. A. J. RYAN, FLOUD L. WRAY, THOMAS E. SWANSON and MAXWELL BAXTER as and constituting the members of the Broward County Port Authority, and A. J. RYAN, as Treasurer of said Port Authority, and BROWARD COUNTY PORT AUTHORITY, a body corporate, *Respondents.*

To the rule *nisi* a demurrer and a return were entered. Both present the question of whether or not a Circuit Judge, who is a tax payer in a special taxing district, is disqualified to hear and determine a mandamus proceeding brought by a bondholder to compel the transfer of funds from the general to the bond fund of the district, the said funds having been wrongfully diverted to the general fund, when the sole defense urged to the alternative writ in the Circuit Court is that the bonds involved are null and void.

If the mandamus proceeding involved nothing more than the performance of a ministerial duty a different case would be presented but where the sole defense is grounded on the validity of bonds issued by a taxing district in which the trial judge is a property owner and taxpayer and an affirmative answer to the defense would relieve his property of the assessments against them, he is under the rule announced by this Court in State v. Thomas, 99 Fla. 562, 126 So. 747, disqualified to sit in said cause.

For the reasons announced in that opinion the demurrer to the rule *nisi* is over-ruled and the writ of prohibition is awarded.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.