STATE, *ex rel.* ELSTON BANK & TRUST CO. v. GEORGE W. TEDDER, as Judge of the Circuit Court of the Twenty-Second Judicial Circuit, Broward County.

159 So. 26.
Division B.
Opinion Filed January 29, 1935.

*Casey & Walton* and *Miller, Walton,* for Relator;
*George W. Tedder, in pro per,* for Respondent.

ELLIS, P. J.—A writ of mandamus was issued by this Court directed to Honorable George W. Tedder, as Judge of the Circuit Court of the Twenty-Second Judicial Circuit of Florida for Broward County, requiring him to take and

entertain jurisdiction of a certain action begun in that court in which Elston Bank and Trust Company, a corporation, sought a writ of mandamus to compel R. M. Kerr, as City Manager of the City of Fort Lauderdale, and certain other named officers of the City to perform the duties alleged to be required of them by Chapter 10552, Laws of Florida, Special Acts, 1925, constituting the Charter of the City, in the matter of the assessment, levy and collection of taxes to create a sinking fund and provide for the payment of certain bonds, and accrued interest thereon, which was issued and sold by the City and which came into the possession and ownership of the relator in that action.

Judge Tedder made an order recusing himself as disqualified from presiding in the action as Judge and declined to take and exercise jurisdiction. That order was made October 12, 1934, and the alternative writ of mandamus requiring Judge Tedder to take and exercise jurisdiction of the case was issued by this Court eight days later.

The reason given by the Judge for declaring himself to be disqualified was that he was the owner of and vested with title to real estate situated in the City of Fort Lauderdale against which, as a result of the action, taxes may be required to be assessed by the City; that therefore he was interested in the result of the action and under the decisions of the Supreme Court in the cases of Ake v. Tedder, 110 Fla. 361, 149 South. Rep. 329; Broward County Port Authority v. Ake, 111 Fla. 132, 150 South. Rep. 272, he was disqualified to preside in the case notwithstanding the provisions of Section 4153 C. G. L. 1927.

That section provides that no Judge shall be disqualified from sitting in the trial of any suit in which any County or Municipal Corporation is a party by reason that such Judge

is a resident or taxpayer within such County or Municipal Corporation.

The order recites not that the Judge was a taxpayer within the municipal corporation, but the inference is very strong from the language used that he is. He averred in the order that he was the owner of and vested with the title to real estate lying in the city against which as a result of the action taxes may be required. The apparent thought of the Judge was that because of his rulings in the progress of the case taxes may be required to be levied upon the property owned by him or may not be required to be levied, therefore he was materially interested in the action to the extent of the tax involved as to his particular property.

In reply to the alternative writ issued by this Court the Judge moved to quash the writ. The grounds of the motion developed more clearly the apparent thought which was in the Judge's mind when he made the order of disqualification.

It is undoubtedly true that the principle invoked by the motion to quash, that no person can be Judge in his own case and no legislative Act can invest him with authority to do so, is sound and well recognized in this jurisdiction, but the question arises whether the principle is applicable to the case at this stage of the proceedings.

In the case of State, *ex rel.* Hart v. Call, 41 Fla. 442, 26 South. Rep. 1014, 79 Am. St. Rep. 189, this Court held, in construing Section 967 Rev. Stats. 1892, which was Section 1 of Chapter 1327, Laws of 1862, that a judge was disqualified in a suit by a taxpayer to restrain the County Commissioners from levying a three-mill special school tax, where the judge was the owner of real property subject to taxation.

Section 967, Rev. Stats., *supra,* provided that no judge of

any court shall sit or preside in any cause to which he is a party or in which he is interested or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties, nor shall he entertain any motion in the cause other than to have the same tried by a qualified tribunal.

The Court considered Section 968, Rev. Stats., which was Section 1, Chap. 1817, Laws of 1870, and the same as Section 4153 C. G. L., *supra,* but held that it had no application to the case then before the Court as the suit was not one in which a County or Municipal Corporation was a party within the meaning of the statute.

In the case of State, *ex rel*. McMullen v. Thomas, 99 Fla. 562, 126 South. Rep. 747, the Court denied a peremptory writ of mandamus as against Honorable Elwyn Thomas, as Judge of the Twenty-First Circuit. The suit in which the Judge certified to his own disqualification was one seeking to vacate and cancel a decree creating and establishing a Drainage District and to have the same declared to be a cloud upon the title of the complainants and other property owners. The decision was rendered on authority of State, *ex rel*. Hart v. Call, *supra*.

In the case of Power v. Chillingworth, as Judge of the Fifteenth Judicial Circuit, 93 Fla. 1030, 113 South. Rep. 280, this Court held that the interest which disqualifies a judge to sit in a cause under the statute is a property interest in the action or its result. In that case a successor in trust to a Bank as Trustee under a certain trust instrument was sought. The Court held that the fact that the Judge and members of his family were depositors in the Bank at the time it closed its doors, and were then its creditors, and the further fact that he was an officer and stockholder of a certain corporation, which at the time the Bank

closed was a depositor in the Bank, was indebted thereto, and was the owner of two shares of the capital stock of the Bank, did not amount to an interest that would disqualify him to sit as a judge in the cause.

In the case of Ake v. Tedder, *supra,* this Court held that if the mandamus proceedings involved nothing more than the performance of a ministerial duty a different case would be presented from one where the sole defense is grounded on the validity of bonds issued by a taxing district in which the trial judge is a property owner and taxpayer and an affirmative answer to the defense would relieve his property of the assessments against them. In that case Judge Tedder was prohibited by a writ from hearing and determining a mandamus proceeding brought by a bondholder to compel the transfer of funds from the general fund to the bond fund of the district, the funds having been wrongfully diverted to the general fund and the sole defense urged to the alternative writ in the Circuit Court was that the bonds involved were null and void.

In the case of Broward County Port Authority v. Ake, *supra,* the Court, referring to Ake v. Tedder, *supra,* said that Judge Tedder was disqualified to act in any case involving the validity of bonds of a taxing district of which he was a resident and taxpayer.

Now the rule is well established in this State that mandamus and not appeal is the remedy which should be resorted to by a party who desires to proceed before a Judge whom he deems qualified to act, but who refuses to act as judge because of an erroneous belief that he is disqualified to do so. See authorities cited in Broward County Port Authority v. Ake, *supra.*

In the case at bar Judge Tedder *ex mero motu* made the order of disqualification of himself as judge in the case

presented by the application to him for a writ of mandamus against the city authorities.

The petition for the writ of mandamus filed before Judge Tedder upon which he filed his order of disqualification involved nothing more, as the learned counsel for relator stated in their brief, than a proceeding to bring about the performance of ministerial duties by ministerial officers. There is nothing in the petition to show that any question is raised as to the validity of the bonds. On the other hand, the petition discloses that the bonds were issued by the city in accordance with the requirements of the Constitution and laws of Florida and were validated by a decree of the Circuit Court for Broward County from which no appeal was taken, so that under the authority of the case of Little River Bank and Trust Co. v. Johnson, 105 Fla. 212, 141 South. Rep. 141, any matter or thing affecting the authority of the city to issue the bonds was put in repose by the validation decree. So that under the same authority the proceeding was nothing more than an effort to secure an execution to collect moneys, an effort to enforce the payment in the way provided by law of the relator's bonds which have long since been judicially established as an indisputable claim against the city. The validity of the bonds and the municipality's liability on them is no longer open to question.

That being true, the duty sought to be performed is merely a ministerial one in which the Judge's interests are not material in the sense that the property which he owns may be affected by his decision.

The motion to quash the writ is therefore denied.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.