ANDREWS, Judge.
This matter is before the court on appeal from an Order of the judge to whom a case was assigned who happened to be the presiding judge of the circuit in transferring the cause to a judge not a resident of Broward County, and from an Order of the trial judge refusing to disqualify himself and dismissing the complaint with prejudice. The appeal was direct to the Supreme Court, and was by said court transferred to this court. The two appeals are consolidated for the purpose, of consideration by this court.
The complaint was a "massive attack” upon the validity of all acts of the legislature affecting Broward County adopted since 1944. Four main issues were raised as follows:
*563 (1) The constitutionality of all laws affecting the power and duties of the County Commissioners of Broward County enacted since the amendment of Article VIII, Section 5, of the Florida Consititution in 1944, F.S.A.;
(2) The right of certain taxpayers to bring a class suit “on behalf of themselves and all persons, parties and corporations similarly situated;” and
(3) The qualification of a judge to act in a case involving:
(a) Validity of the tax roll of a county in which he is a resident and taxpayer, and
(b) Validity of a statute which requires the county to pay him supplemental compensation as a judge.
(4) The authority of the presiding judge to assign the cause to a judge of the same circuit residing in another county.
The first two issues have been decided by the Supreme Court adverse to the appellants in the case of Peters v. Meeks, Fla. 1964, 163 So.2d 753, and need no further discussing here.
On the issues raised by the first part of the third point, there is no question as to the qualification of a judge to consider and act in a case involving the validity of the tax roll of a county in which he is a resident or taxpayer. F.S.A. § 38.01. It does not appear that either circuit judge had any direct or indirect pecuniary interest in the outcome of this cause.
 As to the second part of the third point, it has been held that the interest sufficient to disqualify must be direct, certain and immediate, not one that is indirect, contingent, incidental or remote. State ex rel. Hart v. Call, 1899, 41 Fla. 442, 26 So. 1014. The Act of the legislature fixing supplemental compensation for circuit judges residing in Palm Beach County is mandatory, Fla.Laws 1963, Ch. 628, and the same is true of a similar act fixing the supplemental salaries of circuit judges residing in Broward County, Fla.Laws 1961, Ch. 1394. Accordingly, any ruling by the trial judge in this case could not affect the supplemental compensation of the judge.
The Florida Rules of Civil Procedure provide ample authority for presiding judges of a circuit to assign cases to a particular judge for the efficient and speedy disposition of the business of the court. F.R.C.P. 1.1(c), subd. 1, 30 F.S.A.
All other issues raised including the fact that the Order of Dismissal was recorded in both Palm Beach and Broward Counties are inconsequential and immaterial.
Affirmed.
WHITE, Acting C. J., and McCORD, GUYTE P., Jr. Associate Judge, concur.