THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR RECENT REQUEST FOR ASSISTANCE FROM THIS OFFICE, SEEKING LEGAL ADVICE CONCERNING A POSSIBLE CONFLICT OF INTEREST. IT DOES NOT APPEAR, HOWEVER, THAT IT IS EITHER NECESSARY OR APPROPRIATE THAT AN OFFICIAL PUBLISHED RESPONSE BE PROVIDED, AS YOUR INQUIRY CANNOT BE ANSWERED PURELY AS A MATTER OF LAW.
IN YOUR LETTER YOU INQUIRE WHETHER IT WOULD BE A CONFLICT OF INTEREST FOR A CITY-COUNTY HEALTH DEPARTMENT TO FUND A GRANT TO A PARTICULAR NON-PROFIT ENTITY, WHERE A PERSON SITS ON THE BOARD OF BOTH THE CITY-COUNTY HEALTH DEPARTMENT AND THE NON-PROFIT ENTITY.
AFTER A REVIEW OF THE RELEVANT OKLAHOMA STATUTES AND CONSTITUTION, I DO NOT BELIEVE THAT A CONFLICT OF INTEREST EXISTS, AS A MATTER OF LAW. HOWEVER, OKLAHOMA CONSTITUTION ARTICLE X, SECTION 11 PROVIDES:
 THE RECEIVING, DIRECTLY OR INDIRECTLY, BY ANY OFFICER OF THE STATE, OR ANY COUNTY, CITY, OR TOWN, OR MEMBER OR OFFICER OF THE LEGISLATURE, OF ANY INTEREST, PROFIT, OR PERQUISITES, ARISING FROM THE USE OR LOAN OF PUBLIC FUNDS IN HIS HANDS, OR MONEYS TO BE RAISED THROUGH HIS AGENCY FOR STATE, CITY, TOWN, DISTRICT, OR COUNTY PURPOSES SHALL BE DEEMED A FELONY.
IN GENERAL, THE TYPE OF "INTEREST" THAT DISQUALIFIES PUBLIC OFFICERS FROM CERTAIN TYPES OF TRANSACTIONS IS A FINANCIAL OR PECUNIARY INTEREST. SEE A.G. OPIN. NO. 88-088; A.G. OPIN. NO. 85-138; A.G. OPIN. NO. 79-267; SEE ALSO, BASKIN V. STATE EX REL. SHORT, 232 P. 388 (OKLA. 1925); MACKEY V. CRUMS, 153 P. 1128 (OKLA. 1915). YOUR INQUIRY CONCERNS THE FUNDING OF A GRANT FROM A CITY/COUNTY HEALTH DEPARTMENT TO A NON-PROFIT ENTITY, WHERE A PERSON SITS ON THE BOARDS OF BOTH THE CITY-COUNTY HEALTH DEPARTMENT AND THE NON-PROFIT ENTITY. SINCE THE GRANT IS FUNDED TO A NON-PROFIT ENTITY, IT WOULD APPEAR THE PARTICULAR BOARD MEMBER WOULD HAVE NO PERSONAL FINANCIAL OR PECUNIARY INTEREST IN THE GRANT, AND THUS THE PROVISIONS OF ARTICLE X, 11 WOULD NOT APPLY. RECENT CASES INDICATE THAT THE COURT MAY HOLD PUBLIC OFFICIALS TO THE HIGHER STANDARD OF AVOIDING THE APPEARANCE OF IMPROPRIETY, WESTINGHOUSE ELECTRIC CORPORATION V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713 (OKLA. 1986). THE BOARD MEMBER MAY WANT TO CONSIDER WHETHER BEING ON THE GIVING AND RECEIVING END OF A GRANT APPEARS IMPROPER.
AS I AM SURE YOU ARE AWARE, QUESTIONS REGARDING CONFLICTING INTERESTS INVARIABLY INVOLVE FACTUAL ISSUES WHICH THE ATTORNEY GENERAL'S OFFICE IS NOT STATUTORILY VESTED WITH THE AUTHORITY TO RULE UPON. SEE 74 O.S. 18B. CONSEQUENTLY, IT BECOMES APPARENT THAT A DEFINITIVE ANSWER TO YOUR QUESTION, AS A MATTER OF LAW, IS NOT FEASIBLE. THE FINAL DETERMINATION AS TO THE EXISTENCE OF A CONFLICT OF INTEREST WOULD THUS HAVE TO BE MADE BY THE CITY-COUNTY HEALTH DEPARTMENT AND/OR THE PARTICULAR BOARD MEMBER INVOLVED, DEPENDING UPON THE SURROUNDING FACTS AND CIRCUMSTANCES IN ANY GIVEN CASE.
THIS INFORMAL RESPONSE DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT, RATHER REPRESENTS MY VIEWS ON THE LAW RELEVANT TO YOUR INQUIRY. I HOPE YOU FIND THESE COMMENTS USEFUL; IF I CAN BE OF FURTHER ASSISTANCE, PLEASE FEEL FREE TO CALL ME.
("CONFLICT OF INTEREST")
(ROBERT T. RALEY)