HORACE W. POWER, ATELIA P. ROBINSON, WALLACE A. ROBINSON AND HORACE P. ROBINSON, *Relators,* v. C. E. CHILLINGWORTH, AS JUDGE OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, *Respondent.*

En Banc.

Opinion Filed May 13, 1927.

Petition for Rehearing denied June 10, 1927.

1. Disqualification to adjudicate a cause rests on the ancient mixim that no man should sit as a judge in his own case. This maxim is applicable to all classes of cases in all courts.

2. Our statute (Sec. 2525, Revised General Statutes of Florida, 1920), prescribing disqualifications inhibits a judge from sitting in any case in which he is a party or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties.

3. The interest which disqualifies a judge to sit in a cause under our statute is a property interest in the action or its result. *Ex parte* Harris, 26 Fla. 77, 7 South. Rep. 1.

4. When any bank, banker, banking firm, banking or trust company or corporation doing business under the laws of this State is taken in charge by the Comptroller as authorized by Section 4162, Revised General Statutes of Florida, the Comptroller through his receiver has ample power to administer and execute the assets and affairs thereof.

Petition for Alternate Writ of Mandamus denied.

*A. Melrose Lamar,* for Relators.

TERRELL, J.—April 11th, 1927, relators filed their bill of complaint in the Circuit Court of Palm Beach County,

Florida, against Farmers Bank & Trust Company, a corporation; Ernest Amos, as Comptroller of the State of Florida; William H. Power and Mortgage Securities Corporation, defendants, praying for the appointment of a successor in trust to said Farmers Bank & Trust Company, as trustee under a certain trust instrument made by Hiram F. Hammon, late of Palm Beach County, Florida, dated April 1st, 1922. The reasons for such appointment being that the Farmers Bank & Trust Company had recently closed its doors and had been taken over by the Comptroller under the laws of Florida.

The said bill of complaint, together with a motion for the appointment of a temporary trustee to serve until the permanent successor in trust could be appointed, was duly presented to respondent as Judge of the Circuit Court of Palm Beach County, Florida, who refused to take jurisdiction thereof or to make any order therein, but instead on April 12th, 1927, entered his certificate of disqualification in said cause, alleging as grounds of such disqualification that at the time the Farmers Bank & Trust Company closed its doors he (respondent) and his wife and children were depositors therein and were now creditors of the said bank and that at the time the said bank closed its doors respondent was an officer and stockholder of Worth Investment Company, a Florida Corporation, which at the time said bank closed, was a depositor in said bank, was indebted to said bank and was and is now the owner of two shares of the capital stock of said bank.

Predicated on these facts relators filed their petition for mandamus in this court against respondent April 13, 1927, praying for an alternative writ commanding him to take jurisdiction of said cause and make such further orders in the premises as justice may require. Both the certificate of disqualification and the bill of complaint filed by relators

against Farmers Bank & Trust Company are made a part of the petition for mandamus.

The petition for mandamus presents two questions for our determination, viz.: (1) Is the certificate of disqualification grounded on facts that would in law disqualify respondent to take jurisdiction of and act as judge in said cause, and (2) If respondent is legally qualified to act as judge in said cause, does the petition for mandamus rest on facts that would authorize him to exercise jurisdiction and make any order in the premises.

Disqualification to adjudicate a cause rests on the ancient maxim that no man should sit as a judge in his own case. This maxim is applicable to all classes of cases and in all courts, and appeals so strongly to one's sense of justice that it was said by Lord Coke to be a natural right so inflexible that an Act of Parliament seeking to subvert it would be declared void. Our statute (Sec. 2525, Rev. Gen. Stats. Fla., 1920), prescribing disqualifications inhibits a judge from sitting in any case in which he is a party or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties.

Respondent is not a party to the cause, he is not related by affinity or consanguinity to any party thereto and no other ground of disqualification is shown to exist. The fact that he and the various members of his family were depositors in the Famers Bank & Trust Company at the time it closed its doors, and are now its creditors, and the further fact that at the time said bank closed he was an officer and stockholder of Worth Investment Company, a Florida corporation, which at the time said bank closed was a depositor therein, was indebted thereto and was and is now the owner of two shares of the capital stock of said bank would not

amount to an interest that would disqualify him to sit as a judge in said cause.

The interest which disqualifies a judge to sit in a cause under our statute is a property interest in the action or its result. *Ex parte* Harris, 26 Fla. 77, 7 South. Rep. 1. The bill of complaint brought in question here was for the purpose of having a successor in trust to the Farmers Bank and Trust Company appointed to administer the trust estate of Hiram F. Hammon, deceased, which was being administered by said bank at the time it closed its doors. It is true that the administration of this estate was part of the bank's business or assets, but the certificate of disqualification does not show that respondent is in anywise interested in the said estate or the result of the administration thereof. If this was a suit between the bank and the Hammon estate presenting adverse interests, a different case might be presented; but the bank when functioning had no property interest in the administration of the estate; it was a mere fiscal agent designated to execute a prescribed legal formula. Respondent therefore had jurisdiction of the cause, and on the proper showing made was fully authorized to make all necessary and proper orders in the premises.

We are next confronted with the question of whether or not the petition for mandamus makes a sufficient showing to grant the relief prayed for.

The petition for mandamus alleges that the Farmers Bank & Trust Company closed its doors March 14th, 1927, and under the laws of the State of Florida surrendered its banking house and all other assets, including the property and assets of the trust estate here brought in question to Ernest Amos as Comptroller of the State of Florida in whose hands they are now and have continued to be held, and by reason of which the said trust estate is now unrepresented and will fail for the want of a representative unless one is

appointed by a court of equity and duly qualified to act as such.

Section 4162, Revised General Statutes of Florida, 1920, authorizes the Comptroller to take charge. of any bank, banker, banking firm, banking or trust company or corporation doing business under the laws of this State which is show to be insolvent, and is in default or is in an unsound or threatened condition because of illegal or unsafe investments, and upon confirmation of the Circuit Judge having jurisdiction over the same, he may appoint a receiver to take charge of the assets and affairs of said bank, and under the direction of the Comptroller fully administer the same. The administration of the estate which relators seek to have a receiver or trustee appointed for was part of the assets or affairs of the Farmers Bank & Trust Company when it was taken in charge by the Comptroller, which under the law the Comptroller, through his receiver, is fully authorized to execute. It is not intimated or suggested that the Comptroller is failing or refusing to execute his duty in the premises.

The petition for alternative writ of mandamus will therefore be, and is hereby denied.

ELLIS, C. J., AND WHITFIELD, STRUM, BROWN AND BUFORD, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—In this cause the petition for alternative writ of mandamus was denied because the bill of complaint did not state an equity on which to predicate the relief prayed for and because the Chancellor was held not to be legally disqualified to act judicially on the bill of complaint as presented to him. The relator's rights against the bank may be enforced by due course of law whether the receiver

of the bank or a duly appointed substituted trustee be charged with a continuance of the trust duties.

Rehearing denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., concur in the opinion.