THE STATE OF FLORIDA *ex rel.* ERNEST AMOS, COMPTROLLER, OF STATE OF FLORIDA, *Relator,* v. C. E. CHILLINGWORTH, JUDGE OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, *Respondent.*

En Banc.

Opinion Filed June 10, 1927.

SYLLABUS.

1. The interest which will disqualify a judge must be a pecuniary or property interest in the action or its result.

2. A judge who was a depositor of a bank at the time of its closing and a creditor of said bank at the time application was made to him to take judicial action looking to a confirmation of the Comptroller's action in holding such bank insolvent and appointing a receiver therefor, is without error in ruling himself as disqualified and in declining to assume jurisdiction to act upon such application; such judge having a direct pecuniary interest in the result of the proceeding and of the proposed receivership. .

Petition denied.

*Winters* and *Foskett,* for Relator.

BROWN, J.—This is a petition in the name of the State of Florida on the relation of Ernest Amos, Comptroller of said State, for writ of mandamus against the respondent, C. E. Chillingworth, Judge of the Fifteenth Judicial Circuit of the State of Florida, in and for Palm Beach County, Florida, commanding him forthwith to take jurisdiction of the petition of relator for confirmation of his actions in ascertaining that the Farmers Bank & Trust Company, a banking corporation of West Palm Beach, Florida, is insolvent, and in appointing the First American Bank & Trust Company as receiver of said Farmers Bank & Trust Company, as provided in Section 4162 of the Revised General Statutes. The petition appears to contain all of the jurisdictional averments necessary under Section 4162, but alleges that said Judge held himself disqualified and refused to act in the judicial determination of said petition for an order confirming the action of the relator and the appointment of the receiver of such banking· institution. There is attached to this petition for writ of mandamus a certified copy of said Judge's order disqualifying himself, which gives the following reasons for his action:

"I certify that I was a depositor of the Farmers Bank & Trust Company at the time it closed its doors; that I am a creditor of said banking institution; I was not and am not now indebted to said bank; that members of my immediate family were also depositors and are now cerditors of said bank; that I was, at the time of the closing of the Farmers Bank & Trust Company, and am now, an officer and stockholder of a Florida corporation, which corporation was indebted to said bank, and did have money on deposit in said bank and was and is now the owner of two shares of the capital stock of said bank.

"I further certify that it is my belief that in passing

upon the application for confirmation of the receiver, I have a property or pecuniary interest, in that I believe my ultimate dividends received in the liquidation of the bank will be increased or decreased, depending upon how I might rule with reference to the application for the confirmation of the receiver appointed by the Comptroller.''

The interest which will disqualify a judge must be a pecuniary or property interest in the action or its result. In our opinion it is quite clear that Judge Chillingworth was disqualified to exercise the judicial function in the matter set up in the petition, he having been a depositor of the Farmers Bank & Trust Company at the time it closed its doors and being a creditor of said bank at the time the Comptroller applied to him to confirm his action in holding the bank insolvent and appointing another bank as its receiver. A judge who is a creditor of a corporation is disqualified to appoint, or confirm the appointment of a receiver for such corporation. He has a direct pecuniary interest in the result of the litigation and of the receivership. Trustees I. I. Fund v. Bailey, 10 Fla. 213; Ochus v. Sheldon, Hoyt & Co., 12 Fla. 138; Sauls et al. v. Freeman et al., 24 Fla. 209, 4 So. 525; ex parte James Harris, 26 Fla. 77, 7 So. 1; State ex rel. v. Young, 31 Fla. 594, 12 So. 673; The State ex rel. Hart v. Call, 41 Fla. 442, 26 So. 1014; 33 C. J. 991-995; 15 R. C. L. 528-9. Quatman v. Superior Court (Cal.) 221 Pac. 666; Sec. 2525, Rev. Gen. Stats.

It will be observed that the facts here involved are quite different from those involved in the case of Power et als. v. Chillingworth, decided at the January Term, 1927. There is no conflict between the holding in that case and our holding here.

This makes it unnecessary for us to pass upon the questions as to whether or not the fact that Judge Chilling-

worth was an officer and a stockholder of a corporation which was both a debtor and a creditor of said bank and which owned two shares of its capital stock, constituted a ground of disqualification. The fact that he was himself personally a creditor of the bank was sufficient to authorize his action in holding himself disqualified.

The petition, therefore, for writ of mandamus is denied, and the petition dismissed at the cost of the relator.

Petition for writ of mandamus denied.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion.