THE STATE OF FLORIDA UPON THE RELATION OF FIRST AMERICAN BANK & TRUST COMPANY OF WEST PALM BEACH, A FLORIDA CORPORATION, AS RECEIVER FOR FARMERS BANK AND TRUST COMPANY, A FLORIDA CORPORATION, *Relator*, v. C. E. CHILLINGWORTH, AS JUDGE OF THE FIFTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, *Respondent*.

En Banc.

Opinion Filed April 13, 1928.

*Wideman & Wideman,* for Relator;

*C. E. Chillingworth,* in *pro per.*

BUFORD, J.—This case comes to this Court on an original petition for alternative writ of mandamus to order the respondent, Hon. C. E. Chillingworth, Judge of the Circuit Court of the Fifteenth Judicial Circuit of Florida, to take jurisdiction of an action in which First American Bank & Trust Company of West Palm Beach, as receiver for Farm-

ers Bank & Trust Company, is a party. The action is one for the collection of a promissory note which is a part of the assets of Farmers Bank & Trust Company.

Petitioner, as receiver of Farmers Bank & Trust Company, instituted an action in the Circuit Court of the Fifteenth Judicial Circuit of Florida against G. B. Skipper to enforce the collection of a promissory note held as a part of the assets of Farmers Bank & Trust Company. After appearance was entered, because of failure of the defendant to plead on a subsequent rule day, a default was duly and regularly entered against him. Thereupon, the plaintiff presented to the court a motion for final judgment. The respondent, the judge as above stated, refused to take jurisdiction of said cause and entered his certificate and order of disqualification on the ground that he is a majority stockholder and officer and director in a corporation which is indebted to Farmers Bank & Trust Company and which owns certain shares of the capital stock of said Farmers Bank & Trust Company.

This Court, in the case of Amos v. Chillingworth, opinion filed June 10, 1927, reported 113 Sou. 563, say:

"A judge who was a depositor of a bank at the time of its closing, and a creditor of said bank at the time application was made to him to take judicial action looking to a confirmation of the Comptroller's action in holding such bank insolvent, and appointing a receiver therefor, is without error in ruling himself as disqualified and in declining to assume jurisdiction to act upon such application; such judge having a direct pecuniary interest in the result of the proceeding and of the proposed receivership."

And in Power v. Chillingworth, opinion filed May 13, 1927, and reported 113 Sou. 280, the Court say:

"Disqualification to adjudicate a cause rests on the ancient maxim that no man should sit as a judge in his own

case. This maxim is applicable to all classes of cases and in all courts, and appeals so strongly to one's sense of justice that it was said by Lord Coke to be a natural right, so inflexible that an Act of Parliament seeking to subvert it would be declared void. Our statute (Section 2525, Rev. Gen. Stats. Fla. 1920), prescribing disqualifications inhibits a judge from sitting in any case in which he is a party or in which he is interested or in which he would be excluded from being a juror by reason of interest, consanguinity, or affinity to either of the parties."

It is not needful for us to cite other authorities to determine whether or not the judge is disqualified in the instant case. The tests as stated in the opinions from which the above quotations were taken are sustained, however, by ample authority throughout the country.

It only becomes necessary for us to determine whether or not the test as enunciated by this Court in Amos v. Chillingworth, *supra,* when applied to facts in the instant case justified the circuit judge in holding himself disqualified. The conditions shown to exist might disqualify a judge in litigation brought to accomplish one purpose when the same conditions would not disqualify the same judge in litigation brought for another purpose.

In the case of Power v. Chillingworth, *supra,* the litigation was brought for the purpose of having a successor in trust to the Farmers Bank & Trust Company appointed to administer the trust estate of Hiram F. Hammon, deceased, which was being administered by the said bank at the time it closed its doors. The bank when functioning had no property interest in the administration of the estate. It was a mere fiscal agent designated to execute a prescribed legal formula. The result of that litigation would have no effect on the assets of the defunct bank and would have no

effect on the value of the shares of stock of the defunct bank.

The case now pending in which the receiver is suing Skipper was instituted for the purpose of collecting assets of the bank. The result of this suit will affect the value of the assets of the bank and will necessarily affect the value of the shares of the capital stock of the bank. The circuit judge is a majority stockholder of a corporation which owns certain shares of this bank stock. The value of the shares of the bank stock directly affects the value of the shares of stock of the corporation of which the judge is a majority stockholder. It is true that the degree in which the value of the stock of the corporation in which the judge is a majority stockholder will be affected may be very small, but the degree of the interest of the judge is immaterial. ''The interest which disqualifies a judge is a direct pecuniary or a direct property interest or one which involves some individual right or privilege in the subject matter of the litigation whereby a liability or pecuniary gain must occur on the event of the suit. If the interest is of such a nature he is disqualified and the degree of interest is immaterial; it need not be large; it will debar him from sitting in the cause no matter how small or trifling it may be; the Court will not inquire into the effect it will have upon his ruling.'' (33 C. J. 992.)

We conclude that the judge is disqualified and the alternative writ of mandamus should be quashed.

It is so ordered.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.