STATE OF FLORIDA ex rel. L. GRADY BURTON, State Attorney, *Relator*, v. W. J. BARKER, Circuit Judge of the 19th Judicial Circuit, *Respondent*.

Division A.

Opinion filed July 31, 1929.

*L. Grady Burton,* for Relator;

*W. J. Barker,* in *pro per.,* for Respondent.

274

TERRELL, C. J.—Chesley A. Skipper was vice-president of the Highlands Bank & Trust Company of Sebring, Florida, when it closed its doors in February, 1929. In April, 1929, the grand jury returned an indictment against the said Chesley A. Skipper for misapplication of certain funds of said Highlands Bank & Trust Company. A motion was made to fix a date for the trial of Skipper on the indictment so returned against him and the judge of the Circuit Court of Highlands County, respondent in this case, refused to hear said motion assigning as reasons therefor that he was disqualified to sit in said cause. An alternative writ of mandamus was issued by this Court directed to respondent as judge of the Circuit Court of Highlands County commanding him to assume jurisdiction of said cause and proceed to the trial thereof or show cause at a day certain why he should not do so. A return to the alternative writ herein was filed alleging disqualification to try the said Chesley A. Skipper for the reason that respondent was at the time the Highlands Bank & Trust Company closed a depositor and creditor of said bank.

By such a state of facts is a Circuit Judge in this State disqualified to try one charged with misappropriating the funds of a defunct bank when he (the Circuit Judge) was a depositor and creditor of said bank at the time it closed its doors?

Our statute defining disqualification of judges, Section 2525 Revised General Statutes of Florida (Section 4152, Compiled General Laws of Florida, 1927) in effect provides that no judge in any court shall sit in any case to which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties; nor shall he entertain any motion in the cause other than to have the same tried by a qualified tribunal.

In State v. Chillingworth, 93 Fla. 1107, 113 So. R. 563, and in State ex rel. First American Bank & Trust Co. v. Chillingworth, 95 Fla. 699, 116 So. R. 633, this Court held that by virtue of the foregoing act a judge, who was a depositor of a bank at the time it closed and was a creditor of said bank at the time application was made to him to take judicial action looking to a confirmation of the Comptroller's action in holding such bank insolvent and appointing a receiver therefor is without error in ruling himself disqualified and in declining to assume jurisdiction to act upon such application.

The disqualification of the judge in these two cases was predicated on his interest in the final outcome of the affairs of the bank. The instant case being a criminal prosecution for misapplication of the funds of the bank it cannot be said that the trial judge, respondent here, has such a pecuniary or other interest in the outcome of that prosecution as would disqualify him to sit in said cause but we are impressed with the fact that by reason of the circumstances here related he would have such an interest in the conviction of the defendant as would disqualify him (the judge) to sit as a juror in said case. It is not shown to what extent the judge was a depositor and creditor of the bank nor is that material. It is shown that the bank had closed, that the judge was a depositor and creditor at the time it closed, that its affairs were being wound up and that as result of this situation it is evident that he stood to lose a portion of or all of his deposit. Under the rule of the common law a judge was required to be legally indifferent between the parties to any litigation and any interest the probable tendency of which would be to engender in the mind of the judge a bias for a prejudice against either party to the suit was sufficient to disqualify him.

*Ex Parte,* Cornwell, 144 Ala. 497, 39 So. R. 354. This rule of the common law is effective in this State.

In this view it necessarily follows that the demurrer to the return to the alternative writ must be and is hereby overruled and the alternative writ quashed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.