Terrell, C. J.
 

 October 22, 1930, E. L. Mickle, as liquidator of tke Merchants Bank & Trust Company, filed in the Circuit Court of the Seventh Judicial Circuit of Florida a petition for an order approving a compromise adjustment of a debt between said Merchants Bank
 
 &
 
 Trust Company and Merchants Holding Company the said debt being evidenced by a note and mortgage executed by Merchants Holding Company. Simultaneously with the filing of the petition as above application was made to Hon. M. G. Eowe, judge of the said Seventh Judicial Circuit for an order of disqualification to consider the said petition or make any order thereon, which order of disqualification the said M. G. Eowe did then and there refuse to make.
 

 On petition of relators, alternative writ of mandamus was granted by this Court commanding the said M. G. Eowe to forthwith make an order certifying his disqualifi
 
 *1384
 
 cation to consider the said petition for an order approving the compromise adjustment of the debt between Merchants Bank & Trust Company and Merchants Holding Company. The return to the alternative writ admits the material allegations thereof and states as a fact that respondent has consistently held himself disqualified in the past and that he will in the future refuse to exercise jurisdiction in any matter in which the Merchants Bank & Trust Company is a party but that he refused to sign the order of disqualification therein because he felt that the matter should be set at rest' by an adjudication of this Court.
 

 The sole question raised by the pleadings herein is whether or not respondent as judge of the Circuit Court of the Seventh Judicial Court of Florida can be required to certify his disqualification to exercise jurisdiction in the matter of the compromise adjustment of the debt between Merchants Bank & Trust Company and Merchants Holding Company as commanded in the alternative writ.
 

 Section 2525, Rev. Gen. Stats of 1920 (Section 4152, Comp. Gen. Laws of 1927) defines the disqualification of the judges in this State and is as follows:
 

 “No judge of any court shall sit or preside in any cause to which he is a party or in which he, or any person related to him by consanguinity or affinity within the ninth degree is a party, or is interested in the result thereof; nor shall any judge sit as a court in any cause in which he is related within the third degree of consanguinity or affinity to either of the attorneys or counsellors of either party to any cause.”
 

 The alleged disqualification of Judge M. G. Rowe in the instant case grows out of the fact that at the time the Merchants Bank & Trust Company closed he was a depositor therein, though said deposit amounted to not ex-
 
 *1385
 
 eeeding five or six dollars. The 'record also shows that Judge Rowe was unaware of said deposit until so advised by the liquidator, that he disclaimed any interest therein and that the time allowed by statute to file his claim with the liquidator therefor'had lapsed and that he had in fact filed no claim.
 

 In this situation is Judge Rowe “interested in the result” of any litigation in which the Merchants Bank & Trust Company is a party, that would disqualify him to exercise jurisdiction therein as contemplated by the Act as above quoted. This Court has held that the interest which disqualifies a judge is a pecuniary one. Power v. Chillingworth, 93 Fla. 1030, 113 So. R. 280; State v. Chillingworth, 93 Fla. 1107, 113 So. R. 563; State ex rel. First American Bank and Trust Company et al. v. Chillingworth, 95 Fla. 699, 116 So. R. 633. The amount or status of the interest involved is immaterial.
 

 “Every litigant, including the State in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge.” It-is the duty of courts to scrupulously guard this right' of the litigant and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit and place the judiciary in a compromising attitude which is bad for the administration of justice.
 

 In Power v. Chillingworth,
 
 supra,
 
 this Court held, that disqualification to adjudicate a cause rests on the ancient maxim that no man should sit as a judge in his own case. This maxim is applicable to all classes of cases and in all courts, and appeals so strongly to ones sense of justice that it was said by Lord Coke to be a natural right, so inflexible that an act of parliament seeking to subvert it would be declared void.
 

 
 *1386
 
 We think, therefore, that on authority of the cases cited herein the judge of the Circuit Court of the Seventh Judicial Circuit of Florida had such an interest in the cause pending between the Merchants Bank & Trust Company and the Merchants Holding Company as would under our statute disqualify him to make any order therein. It follows that he should certify his disqualification to exercise jurisdiction therein so the motion for peremptory writ is granted.
 

 Ellis and Brown, J. J., concur.
 

 Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and. judgment.