THE STATE OF FLORIDA, upon the relation of CENTRAL FARMER'S TRUST COMPANY, as Successor Trustee under that certain Trust Deed executed January 1, 1925, by DATURA HOLDING COMPANY to FARMERS' BANK & TRUST COMPANY recorded in Deed Book 96 at page 200 of the public records of Palm Beach County, Florida, *Relator,* vs. C. E. CHILLINGWORTH, as Judge of the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Florida, *Respondent.*

143 So. 294.

En Banc.

Opinion filed May 19, 1932.

748

[redacted]

Winters, Foskett & Wilcox, Paul W. Potter and Coleman & Cook, for Relator;

C. E. Chillingworth, Circuit Judge, in pro per., for Respondent.

TERRELL, J.—In January, 1925, Datura Holding Company executed and placed in the hands of Farmers' Bank & Trust Company, as trustee, a trust deed, or mortgage encumbering certain property in Palm Beach County. It (the trust deed) was given to secure the payment of ninety-seven negotiable real estate mortgage coupon bonds made payable to bearer, twenty-four of which were in denominations of $500 each, and seventy-three of which were in denominations of $1,000 each. All of said bonds were marketed and sold to the general public.

In March, 1927, the Farmers' Bank & Trust Company became insolvent and was taken in charge by the Comptroller. It was at that time the owner of one of the $500 mortgage coupon bonds as above referred to, but this fact was not known to respondent until September 1931. When the Farmers' Bank & Trust Company closed and was taken in charge by the Comptroller, respondent and members of his family were depositors and creditors of said bank, but none of them were indebted to it. Respondent was also an officer and minority stockholder in a corporation which was a depositor and creditor of and was indebted to said bank and was the holder and owner of two shares of its capital stock at the time it became insolvent and was closed.

When the Farmers' Bank & Trust Company was taken in charge by the Comptroller it was regularly succeeded

as successor trustee for the trust deed described herein by relator who has continuously and is now acting in said capacity. In September 1928, relator as complainant filed its suit in chancery in the Circuit Court of Palm Beach County to foreclose the said trust deed, naming Datura Holding Company et al. as defendants therein. In May 1929, respondent took jurisdiction of this suit and from thence to July 1931, made various and sundry orders and decrees therein including an order for the appointment of a master to take testimony which was the last order made in said cause by him except his order and certificate of disqualification entered in October, 1931.

In August, 1931, during the absence of respondent from the state, Hon. George W. Tedder, Judge of the Twenty-second Judicial Circuit, entered a final decree in said foreclosure suit in favor of relator. On September 26, 1931, respondent learned for the first time that the Farmers' Bank & Trust Company was the owner and holder and that its liquidator then held one of the $500 bonds secured by the trust deed being foreclosed, that no facts pertaining to the ownership of said bond appeared of record prior to the sixth day of October, 1931, when respondent entered his certificate of disqualification and that respondent knew nothing or and had no way of being advised as to the ownership of said bond at any time prior to September 26, 1931.

In October, 1931, the property described in the trust deed was sold pursuant to the final decree, the general master made report of the sale, and relator presented to the respondent its motion for an order confirming the master's report of sale but respondent declined to make any order confirming said sale, and forthwith entered his certificate of disqualification in said cause. No one had questioned his qualification to officiate in said cause and the certificate of disqualification was entered of his own motion.

Having declined to make any further order or decree in the foreclosure suit, relator as successor trustee filed its petition for alternative writ of mandamus commanding the respondent to take jurisdiction of and proceed with said foreclosure suit or show cause why he refused to do so.

In view of the salient facts as thus detailed, the matter of granting the alternative writ is dependent on a negative answer to the following question: Is a judge disqualified to act in a suit against an insolvent bank, to foreclose a trust deed, if the said bank owned a $500 bond secured by said trust deed and the judge was a creditor of the bank and was a minority stockholder in a corporation that was a debtor and creditor of the bank, it appearing that both creditor-debtor relationships ceased by the assignment of one of said claims and the off-setting of the other prior to the appearance of said facts in the record of the cause as shown by the judge's order and certificate of disqualification therein and it being shown that the judge knew nothing whatever of the bank's ownership of said bond until after both creditor-debtor relationships had ceased to exist.

Section 2525 Revised General Statutes of 1920 (Section 4152 Compiled General Laws of 1927) defines the circumstances that must exist to disqualify judges in this state and as applied to this case it provides in effect that no judge shall sit in a cause in which he or anyone related to him by consanguinity or affinity within the ninth degree is a party or is interested in the result thereof. This Court has repeatedly held that the interest which disqualifies is a pecuniary one. State ex rel. Mickle vs. Rowe 100 Fla. 1382, 131 So. 331, and cases cited.

The fact that the judge was a creditor of the bank at the time it became insolvent coupled with the bank's ownership of the bond and the further fact that he was a stockholder in a corporation that was a debtor and creditor of the bank would clothe him with such an interest as would

disqualify him to make any order or decree in the suit to foreclose the trust deed. But relator relies on the fact that the judge did not know that the bank owned the bond and the further fact that both creditor-debtor relationships as here detailed ceased by the assignment of one of said claims and the off-setting of the other prior to the appearance of such facts in the record of the foreclosure suit.

We do not think this lack of showing in the record of the foreclosure suit or the lack of knowledge on the part of the judge of the bank's ownership of the bond makes any difference whatever. State ex rel. Mickle vs. Rowe, supra. As applied to this case the test determining disqualification under our statute (Section 2525 Revised General Statutes, supra) is relation by consanguinity or affinity within the ninth degree or is ''interested in the result thereof,'' and where that interest is exemplified as here, he is *ipso facto* cut off and disqualified to make any order or decree in the cause.

The terms of the statute are clear and unequivocal, permitting no exception or modification. Any other interpretation placed on it than the one here applied would open the way for endless qualifications never intended by its enactment and would doubtless result in many cases of a defeat of the administration of justice.

Holding this view, it follows that while each and every order or decree made in the suit to foreclose the trust deed prior to the order of disqualification was made through oversight and was harmless, nevertheless they were void for lack of authority to enter them, so the alternative writ must be and is hereby denied. Waitman vs. Waitman, 92 Fla. 1019, 111 So. 118; State ex rel. Mickle vs. Rowe, 100 Fla. 1382, 131 So. 331; Kells vs. Davidson, 102 Fla. 684, 136 So. 450; Power vs. Chillingworth, 93 Fla. 1030, 113 So. 280.

Alternative writ denied.

BUFORD, C.J., AND WHITFIELD AND DAVIS, J.J., concur.
BROWN, J., dissents.
ELLIS, J., not participating.