BROWARD COUNTY PORT AUTHORITY, *et al.,* v. ALTON M. AKE, *et. al.*

150 So. 272, 273, 274.

Division A.

Opinion Filed June 21, 1933.

Opinion on Rehearing Filed September 20, 1933.

Order Filed October 6, 1933.

*McCune, Hiaasen & Fleming,* for Appellants;

*C. L. Chancey,* for Appellee.

DAVIS, C. J.—This is an appeal from an interlocutory order entered in a pending chancery case in which the appellant Broward County Port Authority was defendant below. The order appealed from reads as follows:

### "ORDER

"This cause came on to be heard upon the application of Plaintiff for the disqualification of the undersigned as Judge of said Court, together with objections interposed by the Defendants, and the Court having considered same.

"THEREUPON, IT IS ORDERED, ADJUDGED AND DECREED, that the undersigned Judge does hereby certify he is disqualified to hear said cause by reason the fact that he is a resident and taxpayer of the Broward County Port District, and that the objections filed by the Defendant to said petition for disqualification be, and the same are, hereby overruled.

"DONE, CERTIFIED AND ORDERED in Chambers in the City of Fort Lauderdale, Broward County, Florida, this 2nd day of May, A. D. 1933.

Geo. W. Tedder

Judge of the Circuit Court."

The point now before us raised by a motion to dismiss the appeal, is whether or not an order of disqualification entered by a Circuit Judge in a Chancery Case is an appealable interlocutory order or decree within the purview of Section 4961 C. G. L., 3169 R. G. S.

· The section just referred to reads as follows:

"Appeals may be taken and prosecuted from any interlocutory order, decision, judgment or decree of the circuit courts of this State, when sitting as Courts of equity; but the conferring of the right shall not be construed so as to deprive either party from deferring and postponing the entry of his appeal until after the entry of the final decree, or end of the cause as prescribed by law; nor shall such postponement of the appeal be decreed, held or taken to be an acquiescence in the propriety of any interlocutory order or decree made in the progress of the case, or any waiver of any error therein. (Ch. 521, Jan. 7, 1852, Sec. 3, as amended by Ch. 4130, Acts 1893)."

· Mandamus, and not an appeal, is the remedy usually resorted to in this State by a party who desires to proceed before a judge whom he deems qualified to act, but who refuses to act as such judge because of an erroneous belief that he is disqualified to do so. State *ex rel.* Colcord v. Young, 31 Fla. 594, 12 Sou. Rep. 673; Power v. Chillingworth, 93 Fla. 1030, 113 Sou. Rep. 280; State v. Chillingworth, 93 Fla. 1107, 113 Sou. Rep. 563; State *ex rel.* First American Bank & Trust Co. v. Chillingworth, 95 Fla. 699, 116 Sou. Rep. 633; State *ex rel.* McMullen v. Thomas, 99 Fla. 562, 126 Sou. Rep. 747; State *ex rel.* Mickle v. Rowe, 100 Fla. 1382, 131 Sou. Rep. 333; Brownlee v. State, 95 Fla. 775, 116 Sou. Rep. 618.

. But it does not follow that the same relief may not also be obtained by direct appeal from an order of disqualifica-

tion when the order appears to have been entered because of a *ruling* that was required to be made by the judge in order to arrive at the conclusion that he was disqualified. There is an essential difference between a case wherein the judge *ex meru moto* because of facts he judicially knows, determines and certifies to his disqualification, and that kind of a case where some question of disqualification is raised by one of the parties, through a motion or objection interposed, which, in order to dispose of it, requires the challenged judge to make a *ruling* on the matter of objection presented. The latter kind of an order is clearly an appealable interlocutory order, although the first may not be. This is so, because no order, but merely a certificate of disqualification, is required in the former situation. See Stearns v. Stearns, 106 Fla. 440, 143 Sou. Rep. 642, where the Judge's alleged disqualification was passed upon here upon an appeal. See also: Hirsch Co. v. McDonald Furn. Co., 94 Fla. 185, 114 Sou. Rep. 517.

In situations like that here presented, while mandamus will also lie to compel action by a judge who erroneously has sustained an objection interposed raising his alleged disqualification, it may nevertheless be conceded that the ruling in the form of an order, which underlies the judge's refusal to act, presents a justiciable matter decided as a proposition of law in the court below and is therefore an appealable interlocutory order.

The motion to dismiss the appeal is denied.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## ON PETITION FOR REHEARING

DAVIS, C. J.—The appeal in this case has been heretofore dismissed by an order entered without opinion on the 7th day of August, 1933. The matters involved are now before

us again on the petition of appellants seeking a rehearing as to that order.

The appellees filed in the lower court their suggestion of disqualification of the Circuit Judge, Honorable George W. Tedder. This was based upon the fact that he was a resident and tax payer of the Broward County Port District and that inasmuch as the validity of the bonds sued upon by the complainant were drawn in issue, the judge was interested in the result thereof. The suggestion of disqualification as filed by the appellees was not disposed of until May 2, 1933, at which time the circuit judge granted the motion for disqualification and entered the order of disqualification from which this appeal has been taken. A motion to dismiss this appeal on the ground that an order of disqualification of a circuit judge is not an appealable order has been heretofore denied by this Court. See foregoing opinion filed June 21, 1933.

On May 31, 1933, in an opinion filed in the original prohibition case of Ake *et al.* v. Tedder, Circuit Judge, we held that the Circuit Judge was disqualified to entertain and decide a mandamus proceeding involving practically the same questions as are involved in this case now before us.

The record in the present case shows that after the complainants below had submitted to the circuit judge their suggestion of disqualification on December 14, 1932, they subsequently called up for hearing before the alleged disqualified circuit judge a motion to dissolve an injunction granted by him, as well as their motion to dismiss the defendant's counter claim, and a motion to strike parts of the defendants' answer. On April 29, 1933, before the circuit judge had ruled on the suggestion of disqualification or other motions, appellants filed certain objections to the complainants' suggestion of disqualification of the circuit judge.

The objections filed by the appellants to the suggestion of disqualification that had been filed by the appellees were as follows:

"Defendants' show to the Court that the Plaintiff has waived his application for disqualification of the Honorable Geo. W. Tedder as presiding Judge in this Court, for that subsequent to the filing of his said application for the disqualification of said Judge the said Plaintiff voluntarily and on his own initiative has called up for disposition and hearing before the said Judge Tedder a motion to dismiss Defendants' counterclaim, a motion to strike the counterclaim, and a motion to strike parts of the counterclaim and answer, and has argued the same orally before the said Judge, and all of this was done at the instance and initiation of the Plaintiff after the Plaintiff had made and filed said application for disqualification of the said Judge."

So the sole proposition presented by this appeal was whether or not the disqualification of a circuit judge on account of interest in the result can be expressly or impliedly waived by the parties to the litigation so as to vest the circuit judge with jurisdiction to proceed notwithstanding his actual disqualification under the statute (Sections 4152-4155 C. G. L., 2525-2528 R. G. S.).

We think the proposition referred to has been conclusively decided by the opinion of this Court in the case of State *ex rel.* Central Farmers' Trust Co. v. Chillingworth, Circuit Judge, 107 Fla. 747, 143 Sou. Rep. 294, wherein we held in substance that under the statute a circuit judge who has a *disqualifying interest* in the result of litigation is *ipso facto* cut off and disqualified to make any order or decree in the cause, even in cases where the circuit judge has acted in good faith without knowledge of the disqualifying circumstances.

In the opinion just referred to this Court disposed of the proposition of waiver of disqualification urged in that case by saying: "The terms of the statute are clear and unequivocal, permitting no exception or modification. Any other interpretation placed on it than the one here applied would open the way for endless qualifications never intended by its enactment and would doubtless result in many cases of a defeat of the administration of justice."

It was no doubt the holding of this Court in the case just cited and quoted from that led to the enactment of the Legislature at its 1933 session of Chapter 16053, Acts of 1933, Laws of Florida, modifying the pre-existing statutes governing the disqualification of judges in an attempt to soften the rigorous application of the old disqualification statute to cases in which the parties affected may desire to waive the disqualification of the circuit judge in those particular circumstances authorized by the 1933 statute.

However, the 1933 statute is not applicable to the case at bar. This case we deem to be controlled by the opinion of this Court in State *ex rel.* Central Farmers' Trust Co. v. Chillingworth, *supra.* Therefore the appeal herein, which presents no other question than that which has been decided in the case just referred to, should stand dismissed upon the authority of what was decided in that case and in the original prohibition case of Ake v. Tedder, Circuit Judge, *supra,* wherein we held that Judge Tedder was disqualified to act in any case involving the validity of bonds of a taxing district of which he was a resident and tax payer.

The petition for rehearing must therefore be denied for the reasons hereinbefore stated.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

On Motion to Modify Injunction Order.

Per Curiam.—Since the filing of a motion in this cause to modify the restraining order that was entered against appellee, C. L. Chancey, dated December 7, 1932, the order to dismiss the appeal heretofore entered in this case on August 7, 1933, has been reaffirmed in an opinion denying appellants a rehearing. That opinion was filed September 20, 1933, after this motion was filed. The substance of the Court's holding in the opinion of September 20, 1933, was that Judge Tedder was shown to be disqualified to act in this proceeding, therefore, all of the orders made by him in this case are void, so action on the motion now presented to this Court is unnecessary. See State *ex rel.* Central Farmers' Trust Co. v. Chillingworth, 107 Fla. 747, 143 Sou. Rep. 294.

Motion refused.

Davis, C. J., and Whitfield and Terrell, J. J., concur.