## FOSSEY v. DADE COUNTY.
No. 59 C 11460.
Circuit Court, Dade County.
March 24 and 28, 1960.

Ferrell & Young, Miami, for plaintiff.

Darrey A. Davis, County Attorney, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

*Opinion, March 24, 1960:* This is a suit for a declaratory decree. The plaintiff, Ralph A. Fossey, is a member of the board of county commissioners of Dade County. The defendant is Dade County. A resolution has been prepared for the board granting authority to issue port authority revenue bonds aggregating $38,500,000. The purpose of the bonds is to refinance existing obligations and to construct causeways in the county, including on Elliott's Key. A member of the board requested an opinion of the county attorney on the question whether a commissioner who owns property on Elliott's Key is disqualified to vote upon it.

Elliott's Key will be transversed by a causeway which will be built by the proceeds of the bond issue authorized by the resolution. The resolution provides that the system of causeways "will promote the development of needed additional areas in the county for the use of the present inhabitants thereof and will increase the tourist attraction in the county and the use and services of the facilities at the International Airport".

The plaintiff represents that he is the owner of undivided interests in parcels of land on Elliott's Key aggregating approximately 50 acres, of which his proportionate share is about 25 acres which he has owned more than ten years since prior to the time he became a county commissioner. He also owns undivided interests in about 14 acres on Elliott's Key, of which his share is approximately half, which he likewise owned prior to becoming a county commissioner.

The county attorney in response to a request for an opinion has advised the board that any member thereof who owns property on Elliott's Key is disqualified to vote on the resolution approving the bond issue.

The question presented to the court is whether or not section 4.03 (E) of the Dade County Home Rule Charter prohibits the board member from voting on the resolution. This section provides —

"Any county official or employee of the county who has a special financial interest, direct or indirect, in any action by the Board shall make known that interest and shall refrain from voting upon or otherwise participating in such transaction. Wilful violation of this section shall constitute malfeasance in office, shall effect forfeiture of office or position, and render the transaction voidable by the Board."

The commissioner says that he has no "special" interest in the proposal; that his interest in it is the same as that of the public and that it is also contingent for it may or may not increase the value of his property. His interest, he insists, is indirect and remote because it will take years to put through the project contemplated, and he asserts that every property owner in the county has a financial interest in the resolution, the value of which depends upon the location of the property with reference to the proposed project. Since the causeway, he argues, will be in excess of 40 miles in length, the value of the property of thousands of owners will be affected; he is only one among thousands who will be affected and he maintains that he cannot be said to have a "special financial interest" different from that of the public at large or different from thousands of the public at large. He will not receive any public funds and will not be benefited in any manner different from that of thousands of other property owners in Dade County.

The county attorney, on the other hand, contends that the charter is sufficiently broad to disqualify the plaintiff from voting. The slightest degree of personal interest or personal gain is sufficient, he urges, to disqualify a commissioner from voting on any action involving the county's business. The charter provisions, he argues, are clearly designed to promote public confidence in the actions of the governing body by removing any appearance of possibility of such actions being motivated by self interest. He maintains that in order to give appropriate effect to the charter provisions, every vestige of self interest and personal gain should be removed from all decisions of the board in respect to the affairs of the public. A motive of self interest or a slight personal gain sanctioned and approved will undoubtedly serve to cause all except the most extreme examples of self interest to be tolerated by a patient and apathetic public. The guide for determination whether a special financial interest exists, he concludes, is whether the interest exceeds or differs from, or may be distinguished from, the common interest of the public.

The question posed is not free from difficulty. The court has heard the arguments of counsel and read their briefs. It has also made some independent investigation of the question. It has concluded that the plaintiff is disqualified. In State ex rel. First American Bank & Trust Co. v. Chillingworth (1928), 95 Fla. 699, 116 So. 633, the Supreme Court quoted 33 C. J. 992 with approval —

"The interest which disqualifies a judge is a direct pecuniary or a direct property interest or one which involves some individual right or privilege in the subject-matter of the litigation whereby a liability or

pecuniary gain must occur on the event of the suit. If the interest is of such a nature, he is disqualified, and *the degree of the interest is immaterial; it need not be large; it will debar him from sitting in the cause no matter how small or trifling it may be;* the court will not inquire into the effect it will have upon his ruling." (Italics added.)

In State Board of Administration v. Pasco County (1945), 22 So. 2d 387, the Supreme Court of Florida said —

The relation of the County Commissioners to the public * * * is not materially different from the relationship of attorney and client. * * * There should be no conflicts in their interests and if such arise, the interest of the attorney must go out of the picture or he should get out of the case. * * * Confidence of the public in the bar will rise and fall in proportion to the degree of fidelity with which it adheres to this simple rule. A like rule applies to officials and administrative boards in dealing with the public.

Section 120.09, Florida Statutes, provides —

Any member of a commission elected by the people of the state and authorized by the statutes to exercise judicial powers may be disqualified, either voluntarily or involuntarily, from serving in a particular investigation, inquiry, hearing, trial, appeal, matter or thing on the same grounds, in the same manner and to the same extent as circuit judges may be disqualified from acting in a judicial capacity.

In Broward County Port Authority v. Ake (1933), 111 Fla. 132, 150 So. 272, the Supreme Court held that a circuit judge was disqualified to act in a case involving the validity of bonds of a port district, of which he was a resident and taxpayer. The statute, however, has since been amended insofar as it relates to judges.

In Power v. Chillingworth (1927), 93 Fla. 1030, 113 So. 280, the court ruled that the interest which disqualifies a judge to sit in a cause is a property interest in the action or its result.

It well may be that the plaintiff has no very substantial interest in the outcome of the project, but as above pointed out, the very resolution that he is called to act upon provides that the construction of "a system of causeways from the south end of Crandon Park across * * * Elliott's Key * * * will promote the development of needed additional areas in the county for the use of the present inhabitants thereof and will increase the tourist attractions in the county and the use and services of the facilities at the International Airport".

Conceivably the plaintiff may be the beneficiary of this proposal. In any event, this court is of the opinion that the best interests of the public will be promoted by his refraining from voting on the resolution.

An appropriate decree will be entered.

*Final decree, March 28, 1960:* This cause came on for final hearing upon the plaintiff's complaint and attached exhibits, and the answer filed on behalf of the defendant. Both parties seek a declaratory decree construing the provisions of section 4.03 (E) of the Dade County Home Rule Charter. These pleadings present a justiciable controversy concerning the meaning, intent and application of controlling charter provisions. No factual issues are involved. The court has carefully considered the pleadings, has heard and considered oral arguments, has read and considered the briefs filed, and has made an independent search of applicable authorities. In accordance with the opinion of the court filed simultaneously herewith and made a part hereof, and for the reasons therein set forth, it is ordered, adjudged and decreed as follows —

That the plaintiff, as a county commissioner owning lands on Elliott's Key, is possessed of a "special financial interest" in the construction of a causeway providing access to Elliott's Key, and the possession or existence of such "special financial interest" in this matter requires that he refrain from voting upon the proposed resolution attached to and made a part of the complaint herein, and refrain from voting upon or otherwise participating in respect to any similar resolution, action or transaction involving construction of a causeway to Elliott Key which might hereafter come before the board of county commissioners. The honesty, integrity and good motives of the plaintiff in prosecuting this suit are not questioned, and are not involved as an issue in this litigation.

The court declares and determines that the construction sought to be placed upon the provisions of section 4.03 (E) of the Home Rule Charter by the plaintiff in his complaint is rejected, and the construction placed upon such charter provisions by the defendant, as set forth in the answer and county attorney's opinion no. 59-116 attached to the complaint herein, and the opinion of the court, is accepted and adopted as the applicable and controlling construction of the meaning and intent of such charter provisions.

The court declares and determines that the participation by a county official in any transaction, enterprise or dealings of the county in which such county official has a "special financial interest", direct or indirect, is prohibited both as a matter of law under the provisions of the Home Rule Charter and as a matter of public policy. Determination of whether a "special financial interest" exists in respect to a particular transaction must de-

pend upon whether or not the interest of the county official exceeds or differs from the common interest of the general public in the particular matter involved. If the interest of such county official does not exceed or differ and is indistinguishable from the common interest of the general public, then no disqualification or prohibition should or could exist; however, if a special financial interest or personal benefit would be gained which exceeds or differs and is distinguishable from the common interest of the general public, then such county official cannot lawfully participate in the transaction, even though his action might not be influenced by personal gain. The charter provisions (adopted by the electors of Dade County) are designed to promote public confidence in the actions of all county officials by removing any appearance or possibility of such actions being motivated by self interest. These restrictions imposed upon county officials are sanctioned and supported by public policy.