569 So.2d 807 (1990)
Anthony LOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2461.
District Court of Appeal of Florida, First District.
October 16, 1990.
*808 Barbara Linthicum, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Love appeals his conviction for escape and sentencing as a habitual offender. Appellant asserts that: 1) The trial court erred in not disqualifying itself after initiating ex parte communication with an assistant attorney general regarding a pending evidentiary ruling; 2) appellant was deprived of his right to a fair trial by the prosecutor's improper closing arguments; and 3) the habitual offender statute, section 775.084, Florida Statutes (Supp. 1988), is unconstitutional. We concur with the rulings of other district courts of appeal which uphold the constitutionality of the 1988 habitual felony offender statute. We, therefore, affirm on that issue with no further discussion. See Arnold v. State, 566 So.2d 37 (Fla. 2nd DCA 1990); Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA 1990). Cf. Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990) (although this case addresses constitutionality of 1987 version of section 775.084, analysis is equally applicable to challenge of 1988 amended version). As to the other issues, we affirm, finding: 1) That while the ex parte communication was clearly improper, where the defendant has not demonstrated prejudice and did not properly preserve the point for appeal, the error was not so fundamental as to mandate reversal; and 2) the comments of the prosecution constituted a valid response to evidence elicited by the defense.
Appellant was charged with escape from the Duval County Jail Annex. The defense filed a notice of intent to rely on the insanity defense.
At trial, the defense sought to introduce a certified copy of an order of commitment and judgment of acquittal by reason of insanity which had been entered in appellant's previous criminal trial. The state objected and after hearing argument, the court called a recess. During the recess, the trial judge conferred with an assistant attorney general in Tallahassee concerning the evidentiary ruling.
*809 When court reconvened, the following conversation took place outside the presence of the jury:
THE COURT: Now, to make sure I form that opinion, I called the Attorney General's Office and I spoke to Mr. Rogers over there and I ran these facts by him and I don't mean to say that he's right and I'm right but he agreed with me that that does not mean to say that this is admissible. I don't think it is. All right. I think you have a right to show that this defendant was found not guilty by reason of insanity and he was committed on the state hospital. But not the evidence set forth. Not the facts set forth in this order here. So I will deny this and I think that the defendant may certainly introduce evidence that he was found not guilty by reason of insanity.
MS. FINNELL (defense counsel): Your Honor, may we keep that marked and keep it part of the court file?
THE COURT: Yes. Certainly. That plus the case.
MS. FINNELL: We would be moving to introduce the regular judgment of not guilty by reason of insanity.
THE COURT: You want to keep it or give it to the clerk.
MS. FINNELL: I want to make it part of the court record. I want to note an objection to that and the Court didn't by any chance contact the appellant section of the public defender's office in Tallahassee, did it?
THE COURT: I don't do that. No, I didn't. Matter of fact, I would have if I had known who to call.
MS. FINNELL: Just so things can be expeditiously done from this point forward. State have any objection to this document being introduced?
Judge, we certainly don't object to this judgment of not guilty by reason of insanity.
THE COURT: What?
MS. PEEK (state attorney): We don't object.
THE COURT: All right. Let it so be received.
During cross-examination of one of the state's expert psychiatrists, defense counsel questioned the witness concerning the fact that defendant had been previously adjudged insane in a previous criminal case based on the opinions of two other psychiatrists. There was testimony that at least one of the psychiatrists still practiced in Jacksonville.
During the state's closing arguments, defense counsel objected to the prosecutor commenting that the examining doctors in the previous case were still in town "if they had anything relevant to say about this defendant's current insanity." The court overruled the objection. Defense counsel objected again when the prosecutor said that the only interesting thing about what any other doctor had to say was "their conspicuous absence from this courtroom." The objection was overruled. Following the closing arguments, defense counsel moved for a mistrial on the grounds that the state's comments on the appellant's failure to call the other doctors impermissibly shifted the burden of proof to the defense. The motion for mistrial was likewise denied.
Following the jury verdict of guilty, appellant was adjudicated guilty of escape and sentenced to an extended term of 20 years in prison as a habitual felony offender.

I. Impartiality of trial judge.
The issue of alleged judicial prejudice is extremely serious. Livingston v. State, 441 So.2d 1083 (Fla. 1983), quoting State ex rel. Mickle v. Rowe, 100 Fla. 1382, 131 So. 331 (1930), said:
"Every litigant, including the State in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge." It is the duty of courts to scrupulously guard this right of the litigant and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit and place the judiciary in a compromising attitude which is bad for the administration of justice.
*810 Id. at 1086. See also Crosby v. State, 97 So.2d 181 (Fla. 1957); State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939); Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); State ex rel. Mickle v. Rowe, 100 Fla. 1382, 131 So. 331 (1930).
A judge must not only be impartial, he must leave the impression of impartiality upon all those who attend court. Anderson v. State, 287 So.2d 322 (Fla. 1st DCA 1973). "The attitude of the judge and the atmosphere of the courtroom should indeed be such that no matter what charge is lodged against a litigant or what cause he is called on to litigate, he can approach the bar with every assurance... . [A] fair and impartial trial can mean nothing less than this." State ex rel. Davis, supra, 194 So. at 615.
Ex parte communications concerning a matter before the court violates the concept and appearance of impartiality and may rise to the level which would require disqualification of a trial judge. Martin v. Carlton, 470 So.2d 875 (Fla. 1st DCA 1985).
The Code of Judicial Conduct states:
A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him... .
Fla. Bar Code Jud. Conduct, Canon 3 A(4) (emphasis supplied).
The attorney general of the state is not a disinterested expert in a criminal case but, in fact, is an arm of the prosecution. See § 16.01, Fla. Stat. (1989). Ex parte communication between a trial judge and assistant attorney general concerning a pending criminal case is totally inappropriate and will mandate reversal if: 1) The defense has requested that the trial judge recuse himself or has requested a mistrial which is denied; 2) where the defendant can demonstrate that there was prejudice as a result of the improper communication; or 3) the judge is sitting as the trier of fact. See Livingston v. State, 441 So.2d 1083 (Fla. 1983); State v. Steele, 348 So.2d 398 (Fla. 3rd DCA 1977).
In the instant case, there has been no showing that the inappropriate behavior of the trial judge prejudiced the defendant.[1] The defense counsel never requested that the judge recuse himself or that the trial be terminated. There is no allegation that the evidentiary ruling which was the subject of the ex parte communication was incorrect. In fact, the previous judgment of not guilty by reason of insanity was admitted, and the jury heard evidence of the defendant's prior commitment. There is no evidence or allegation that the jury was improperly instructed by the judge or somehow tainted by the improper conduct of the trial judge. Under these limited circumstances, reversal is not mandated.

II. The closing arguments of the prosecutor were not improper.
Comments by the prosecutor during closing argument may affect the fairness and impartiality of a trial. Kirk v. State, 227 So.2d 40 (Fla. 4th DCA 1969). Unsolicited argument by the state concerning the defendant's failure to call witnesses may impermissibly lead the jury to believe that the defendant has the burden of proving his innocence and will mandate reversal. Dixon v. State, 430 So.2d 949 (Fla. 3rd DCA 1983).
Comments on the defendant's failure to call witnesses is not reversible error where the defense raises in the jury's mind an implication that a witness will be called, or if called, that the witness will testify in a manner which is favorable to the defendant's theory of the case. The issue may *811 be interjected into the proceeding either in opening remarks or through testimony. Dunbar v. State, 458 So.2d 424 (Fla. 2nd DCA 1984); Weeks v. State, 363 So.2d 176 (Fla. 4th DCA 1975); Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975).
In the instant case, the principal issue was the sanity of the defendant at the time of the crime. The defense counsel solicited testimony on cross-examination from which a jury might infer that other independent psychiatrists would disagree with the opinion of the experts presented by the state concerning the defendant's sanity. In light of the fact that the defense interjected the previous opinion of the other psychiatrists, they cannot now complain about the prosecutor's comments on the doctors' failure to testify concerning defendant's current sanity. See Weeks v. State, supra.
We, therefore, affirm.
SHIVERS, C.J., and MINER, J., concur.
NOTES
[1] An alleged violation of the Code of Judicial Conduct may constitute evidence of reversible error but does not mandate reversal absent prejudice. The question of penalties for violation of the code is properly a matter for the Judicial Qualifications Commission pursuant to art. V, § 12 of the Fla. Const.